Initialed: _WC_, _WM_ ____/____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| JAMES H. RAYNOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:19-cv-1392 |
| | ) | |
| HAROLD CLARKE, et al, | ) | |
| | ) | |
| Defendants, | ) | |

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and Release of All Claims ("Settlement Agreement") is entered into the ___ day of October 2020, by and between the plaintiff, James H. Raynor ("Raynor") and The GEO Group, Inc., a Florida corporation ("GEO"). Raynor and GEO are collectively referred to "the Parties".

WHEREAS, Raynor is an inmate confined at the Lawrenceville Correctional Center ("LVCC") in Brunswick County, Virginia. LVCC is privately operated by GEO under contract with the Commonwealth of Virginia ("Commonwealth").

WHEREAS, prior to Raynor's confinement at LVCC, he settled a series of lawsuits brought against officials employed by the Virginia Department of Corrections ("VDOC Settlement"), an agent of the Commonwealth.

WHEREAS, Raynor has filed the above-captioned lawsuit ("Lawsuit") against various officials employed by the Commonwealth related to his conditions of confinement at LVCC. Specifically, Raynor alleges he suffered personal injuries caused by his allegedly unconstitutional conditions of confinement ("Challenged Conditions"). In the Lawsuit, Raynor also contends that the Challenged Conditions are in violation of the VDOC Settlement.

WHEREAS, Victor M. Glasberg, Esq., a licensed attorney at law, was appointed as counsel to Raynor by the Hon. Leonie M. Brinkema, United States District Court Judge. The Parties were instructed to attempt to resolve the Lawsuit via judicial settlement conference.

WHEREAS, the Parties convened a judicial settlement conference before the Hon. Michael S. Nachmanoff, Magistrate Judge. The Parties having resolved the Lawsuit, they now desire to enter into this Settlement Agreement in full and final settlement and discharge of any and all claims now existing between the Parties.

NOW THEREFORE, in consideration of the promises and covenants herein, and other good and valuable consideration exchange, the receipt and sufficiency of which the Parties acknowledge, the Parties agree as follows, intending to be legally bound:

1 of 7

Initialed: _LrC_ / _MM_ / _____ / _____

1.    The above recitals are incorporated and made part of this Settlement Agreement a as if set forth fully herein.

→  (2.)    GEO's Promises. GEO agrees to do the following for Raynor's benefit:

(a.)    GEO will provide Raynor with a new So-Clean machine. Raynor will be responsible for the safekeeping and care of the machine.


WIRING + ShElf's AND UNDER GEO-GrouPiNG A.D.A. HAS BEEN DONE

(b.)    GEO will promptly engage in its reasonable best efforts to ascertain whether the electrical outlets, wiring, and other facilities in and around Raynor's cell can be reconfigured to remove all electrical wires from the floor. If removal of the electrical wiring from the floor is practicable, GEO will use the best available means, in its sole discretion, to furnish electrical service to Raynor's cell in a manner that does not require wires to be run across the floor.

TrANSPorting MY SELF → (c.)    While wearing metal wrist restraints for transport to offsite medical appointments, court appearances, or other offsite activities, GEO will permit Raynor to wear a long sleeve shirt or other cloth barrier sufficient to protect his skin from contact with the metal cuffs.


NoT gETTing DONE WEEKLY IN FACT AT TIME'S (7) To (10) WEEKS PASSES

(d.)    GEO will provide Raynor with two rolls of toilet paper and one box of wipes per week for his personal use.

NEVEr goT DONE (e.)    GEO will promptly arrange for Raynor to be examined by a competent spinal surgeon related to his lumbar region and, specifically, whether he has a medical need for lumbar spinal fusion. The physician's report and medical records will be available to Raynor and his counsel via the existing channels for securing the same from the prison.


NEVEr goT DONE

(f.)    GEO will promptly arrange for Raynor to be examined by a competent pain specialist for purposes of assessing whether Raynor has a medical need for spinal injections for alleviation of pain. The physician's report and medical records will be available to Raynor and his counsel via the existing channels for securing the same from the prison.

→ (g.)    GEO acknowledges its obligation under both (a) federal and state disability laws and regulations as applied to prisons and (b) its contract with VADOC regarding the employment of a qualified ADA Coordinator at LVCC.

(h.)    GEO warrants that, as of the date of execution of this Settlement Agreement, Raynor has been reinstated into academic programs and that, at present, there are no impediments to Raynor's ability to hold employment. GEO specifically does not warrant that Raynor meets the medical eligibility criteria or qualifications for open prison jobs at Lawrenceville Correctional Center. Paragraph 12 of the VDOC Settlement, appearing as Document No. 24-1 to this Lawsuit, survives this

( 2 of 7 )

Initialed: _LVC_ / _WMM_ / _____ / _____

Settlement Agreement, and is not superseded, altered, or otherwise affected by this term.

i.     GEO will pay $8100 ("Payment") to Victor M. Glasberg & Associates as escrow agent for James Raynor, and issue Form 1099 to Mr. Glasberg reflecting this payment with Box 14 checked. Mr. Glasberg will attend to distributing Mr. Raynor's share to him. GEO will issue Form 1099 reflecting this payment with Box 14 checked. This $8100 is specifically paid to Raynor as compensation for disputed personal injury claims.

(3)    **Global Release of Claims.** As consideration for the foregoing promises, Raynor, for himself, his heirs, personal representatives, and assigns, does hereby RELEASE, ACQUIT, and FOREVER DISCHARGE the following parties upon receipt of Payment: GEO, Geo Secure Services, LLC, the Commonwealth, including the Virginia Department of Corrections; and their parents, subsidiaries, affiliates, insurers (including, without limitation, National Union Fire Insurance Company of Pittsburgh, PA), third party administrators, predecessors, successors, assigns, agents, officers, directors, shareholders, heirs, executors, employees, vendors, subcontractors, independent contractors, and attorneys (collectively, "Released Parties") of or from all injuries, claims, demands, losses, damages, actions, causes of actions or suits at law or in equity, for or because of any matter or thing done, omitted or suffered to be done by one or all of the Released Parties prior to and including the date hereof, and particularly on account of all injuries known or unknown to the Releasor's person arising out of or related in any way to the Lawsuit, the Challenged Conditions, the VDOC Settlement, and, more generally, Raynor's conditions of confinement at LVCC.

(4)    **Egg Crate Mattress.** Raynor acknowledges that he has recently received a new egg crate mattress. Raynor agrees that GEO's obligation under this Settlement Agreement or otherwise to provide a new egg crate mattress has been fully performed. This acknowledgment shall in no way prejudice Raynor for seeking a replacement egg crate mattress at an appropriate time in the future.

5.     **Dismissal of the Lawsuit with Prejudice.** The Parties agree to dismiss the Lawsuit with prejudice promptly following execution and exchange of this Settlement Agreement. Accordingly, the Parties authorize their respective counsel to execute and file a Stipulation of Dismissal (with prejudice) under Fed. R. Civ. P. 41. The Stipulation of Dismissal shall specify that the Hon. Michael S. Nachmanoff, Magistrate Judge, shall retain jurisdiction over this matter solely for purposes of enforcing this private Settlement Agreement.

(6)    **Commonwealth an Intended Beneficiary.** The Parties acknowledge that the Commonwealth, the Virginia Department of Corrections, and their parents, subsidiaries, affiliates, insurers, third party administrators, predecessors, successors, assigns, agents, officers, directors, shareholders, heirs, executors, employees, vendors, subcontractors, independent contractors, and attorneys, are each an intended beneficiary of this Settlement Agreement.

Initialed: _LVe_ / _VW_ / _____ / _____

7.    **No Admission of Liability.** This Settlement Agreement is the compromise of a disputed claim. The Payment made herein is not to be construed as an admission of liability on the part of the Released Parties, by whom liability is expressly denied.

*Confidentiality was and has been broken by the Defendants of GEo Group Inc staff:*

8.    **Confidentiality.** Raynor and his legal counsel (collectively, "Confidentiality Parties") agree that they will, keep the substance and the terms and provisions of this Release strictly and absolutely confidential and at no time will disclose any information whatsoever regarding this Release, except that Confidentiality Parties may divulge the terms and provisions of this Release to a financial or tax advisor, and/or legal counsel and as required by law. The Confidentiality Parties agree not to discuss this Lawsuit or this Settlement Agreement with any third party, including but not limited to members of the media, except that the parties may state, "The matter has settled and the terms are confidential." It is understood that the Complaint in this lawsuit is a matter of public record and that Burke's counsel may refer to this matter in his discretion in discussions with existing and prospective clients, list it on his CV, and list it in any fee petition, but, with respect to any of these, without referring to the terms of settlement.

In addition to Raynor, GEO; the defendants' counsel, Michael G. Matheson, Esq.; and Burke's counsel, Victor M. Glasberg, Esq., by signing below, acknowledge and agree to be bound by this confidentiality term.

9.    **Indemnification Against Liens.** Raynor hereby acknowledges, agrees and warrants to defend, hold harmless and indemnify the Released Parties for and against any and all claims, demands, suits, causes of action or judgments of any type whatsoever which have been or may be brought by any third parties asserting an interest in the settlement proceeds paid hereunder, including any action brought by any third party asserting any type of medical lien, Medicare lien, Medicaid lien, medical assignment, subrogation claim, Worker's Compensation lien, or any other lien, assignment or claim of any type whatsoever, and the Releasors agree that they will indemnify the Releasees for any amounts paid by them in connection with the assertion of any third-party claims whether these amounts are incurred due to settlement, verdict, defense costs, attorneys' fees or otherwise. The Releasors also specifically agree to waive any current and future private cause of action they may have or had against the Released Parties pursuant to the Medicare Secondary Payer Statute, 42 U.S.C. 1395y(b)(3)(A).

GEO, acting through its third-party administrator, has searched for liens with the Centers for Medicare and Medicaid Services and child support enforcement entities and found none.

10.    **Complete Integration.** This Settlement Agreement constitutes the entire agreement of the parties hereto, that the terms of this release are contractual and not a mere recital. This Release sets forth the entire understanding of the Parties respecting the matters herein, and it shall not be changed or terminated orally.

11.    **Facsimile Signature Enforceable as Original.** The Parties agree that this Release may be executed in counterparts, including facsimile or electronically signed or delivered counterparts. Counterparts so signed and delivered are valid and binding as if an original had been signed, delivered and received, and collectively the Release so executed is as if originally signed by all Parties.

Initialed: _LW_ / _MM_ / _____ / _____

12.     **Each Party to Bear His or Her Own Costs.** The Releasor acknowledges and agrees that each party shall bear their own litigation costs, including but not limited to attorney's fees expended bringing or defending this action.

WHEREFORE, intending to be bound by the provisions of the foregoing Confidential Settlement Agreement and Release of All Claims, the Parties hereby enter into this Settlement Agreement by signing below:

_____
JAMES H. RAYNOR

COMMONWEALTH OF VIRGINIA

CITY OR COUNTY OF _____

This day came James H. Raynor whose name is signed to the foregoing writing and has this day acknowledged the same before me in the jurisdiction aforesaid.

Given under my hand this ____ day of _____, 2020.

My Commission Expires: _____

Notary Registration No.: _____

_____
Notary Public

Initialed: _LVC_ /_____/_____/_____

THE GEO GROUP, INC. (signing only as to Paragraphs 2 and 4 of the foregoing Release)

Signed: _____

By: _LOUIS V. CARRILLO_

Title: _EXEC. VP CORPORATE COUNSEL_

Date: _10.20 .2020_


STATE OF FLORIDA

CITY OR COUNTY OF _Palm Beach_

    This day came _LOUIS V. Carrillo_ whose name is signed to the foregoing writing and has this day acknowledged the same before me in the jurisdiction aforesaid.

    Given under my hand this _20_ day of _October_, 2020.

    My Commission Expires: _11 2 2021_

    Notary Registration No.: _GG 48803_

GRACE V VENIERO
Commission # GG 148803
Expires November 2, 2021
Bonded Thru Budget Notary Services

Notary Public

6 of 7

Initialed: _____ / _____ / _____ / _____

*THOMPSON*McMULLAN, P.C. and MICHAEL G. MATHESON, ESQ. (signing only as to Paragraph 4 of the foregoing Release)

By: _Michael Matheson_ _____

Signed: _Mimo Mistha_ _____

Title: _Director_ _____

Date: _10/20/20_ _____


VICTOR M. GLASBERG & ASSOCS. and VICTOR M. GLASBERG, ESQ. (signing only as to Paragraph 4 of the foregoing Release)

By: _____

Signed: _____

Title: _____

Date: _____

# Victor M. Glasberg & Associates ATTORNEYS

121 South Columbus Street  Alexandria VA 22314  telephone: (703) 684-1100  fax: (703) 684-1104
www.robinhoodesq.com

Victor M. Glasberg
vmg@robinhoodesq.com

Nickera S. Rodriguez
nsr@robinhoodesq.com

*Of Counsel*
Stephen G. Cochran
Bruce A. Fredrickson

*Paralegals*
Cora C. Martin, R.N., B.S.N.
cmartin@robinhoodesq.com

Douglas Bradley
doug@robinhoodesq.com

*Office Manager*
Deborah L. Robinson
dlr@robinhoodesq.com

## Fax Transmittal Sheet

Date: _12-9-2020_

To: _James Raynor, c/o Counsellor Lundy_

At: _434-848-9522_

From: _Vic Glasberg_

Number of pages (including cover page): _15_

_Confidential Settlement Agreement_

*12: PAGES*

*EXhi Bi T-A-A*
*" COVEr PAGE"*
*+ CONTRACK.*

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
#### Alexandria Division

| | |
|---|---|
| **JAMES HERMAN RAYNOR,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | )     **Civil Action No. 1:13-cv-01117-LMB-JFA** |
| | ) |
| **G. PUGH, in his individual capacity,** | ) |
| | ) |
| *Defendant.* | ) |

### STIPULATED DISMISSAL WITH PREJUDICE

Pursuant to Fed. R. Civ. P. 41(a), the Plaintiff, by counsel, represents to the Court that all

matters and controversies between the parties have been compromised and settled and moves the

Court to dismiss this action with prejudice.

There being no objection by Defendant's counsel, it is hereby ADJUDGED and

ORDERED that this case be dismissed with prejudice and each party will bear its own fees and

costs except as provided for in the parties settlement agreement.

ENTERED this 29 day of December, 2016

WE ASK FOR THIS:

James Herman Raynor

By:
*/s/ Ashley W. Winsky*

/s/
Leonie M. Brinkema
United States District Judge

*EXHIBIT "1-A-PAGE #1.* (handwritten)

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement"), by and between Plaintiff James Herman Raynor ("Raynor") and Defendant Gerard Pugh ("Pugh") is entered into for the purpose of settling *James Herman Raynor v. G. Pugh, in his individual capacity*, Civil Action No. 1:13-cv-1117-LMB-JFA ("Civil Action No. 1") and *James H. Raynor v. Inder Gujral, Sgt. DePriest, Captain E. Hawkins, Officer Jefferson, Officer Rice, W. Rollins, Officer Augcomfar, and Wendell W. Pixley*, Civil Action No. 1:15-cv-842-LMB-TCB ("Civil Action No. 2"), both currently pending in the United States District Court for the Eastern District of Virginia, Alexandria Division ("the Court");

WHEREAS, Raynor is represented by McGuireWoods in Civil Action No. 1; *# (1).* (handwritten)

WHEREAS, Raynor is *pro se* in Civil Action No. 2; *# (2).* (handwritten)

WHEREAS, Sgt. DePriest, Captain E. Hawkins, Officer Jefferson, Officer Rice, W. Rollins, Officer Augcomfar, Wendell W. Pixley, and Gerard Pugh are hereinafter identified as "Defendants." Defendants shall also include the Commonwealth of Virginia, the Virginia Department of Corrections ("VADOC"), and VADOC's officers, employees and agents;

WHEREAS, Raynor desires to voluntarily dismiss with prejudice Inder Gujral from Civil Action No. 2 pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure; and

WHEREAS, Raynor and Defendants desire to settle Civil Actions No. 1 and 2 upon the terms and conditions set forth in this document.

In consideration of settlement, Raynor and Defendants agree as follows:

1. As soon as possible but no later than fourteen (14) days after the execution of this Agreement by Raynor, VADOC shall transfer Raynor from Sussex II State Prison

*(SEE NEXT PAGE))*  (handwritten)

*Done* (handwritten)

*This Line ↗* (handwritten)

*Legal condition of This SETTLEMENT AGREEMENT CONTRACT, SEE PAGE (2) Line #W.* (handwritten)

*PAGE #(1)* (handwritten)

# Victor M. Glasberg &Associates ATTORNEYS

121 South Columbus Street Alexandria VA 22314  telephone: (703) 684-1100 ·fax: (703) 684-1104
www.robinhoodesq.com

Victor M. Glasberg
vmg@robinhoodesq.com

Nickera S. Rodriguez
nsr@robinhoodesq.com

*Of Counsel*
Stephen G. Cochran
Bruce A. Fredrickson

*Paralegals*
Cora C. Martin, R.N., B.S.N.
cmartin@robinhoodesq.com

Douglas Bradley
doug@robinhoodesq.com

*Office Manager*
Deborah L. Robinson
dlr@robinhoodesq.com

April 15, 2021

Mr. James Raynor
#1007103
Lawrenceville Correctional Center
1607 Planters Road
Lawrenceville, VA 23868

Dear Mr. Raynor:

       Per our conversation today, I have enclosed a copy of the email written to defense counsel for both the GEO Group, Inc. and Virginia Department of Corrections. These are the same defense counsel with whom Mr. Glasberg dealt with during your case last year. Please keep a copy of this email for your records.

       Best wishes.

       Sincerely,

Nickera S. Rodriguez

## Chuck Tierney

| | |
|---|---|
| **From:** | Nickera Rodriguez |
| **Sent:** | Wednesday, April 14, 2021 6:12 PM |
| **To:** | Michael Matheson; RVorhis@oag.state.va.us |
| **Cc:** | Victor M. Glasberg |
| **Subject:** | James Raynor v. Harold Clarke, et al. |

Good Afternoon Counsel,

I am writing to you on behalf of Vic Glasberg.

We received a call from Mr. Raynor today regarding a potential transfer he is currently facing. Mr. Raynor advises that for religious purposes, he put in a request for kosher meals. Mr. Raynor informs us that correctional staff told him they did not have the option to provide kosher meals to inmates and told him they would put in for a transfer to move him to another facility that could accommodate his request. While that explanation, if true, regarding kosher meals presents its own concerns, Mr. Raynor withdrew the request for kosher meals because he does not want to leave Lawrenceville. His settlement agreement with GEO, as you know, provides for a number of specific accommodations regarding his health, including modified electric wiring in his cell, referrals to a spinal specialist and continued monitoring of his lower back condition, and the provision of an egg carton support for his mattress. He is concerned that a transfer to another facility would significantly interfere with his ability to receive these accommodations which remain a binding part of his settlement with GEO, as the operator of the Lawrenceville Correctional Center. Notwithstanding Mr. Raynor's reluctant but unequivocal decision to withdrawal his request for kosher meals, rather than risk a transfer, he was nonetheless advised by correctional staff that they have put in a request for his transfer, and he could possibly be moved before the end of this week.

These concerns seem to fall within Magistrate Judge Nachmanoff's continued jurisdiction of the enforcement of the settlement agreement between Mr. Raynor and GEO. I would ask that you please look into the matter at your earliest opportunity and advise of your position on these matters. If you are unwilling to advise GEO to withdraw the transfer request, please let me know your availability between now and April 21st to appear before Judge Nachmanoff.

Separately, I would ask you to please review and share with us the current policies regarding the availability of kosher meals at Lawrenceville Correctional Center including the criteria used by correctional staff to determine an inmate's eligibility to these meals.

Thank you.

Best Regards,

Nickera S. Rodriguez
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandria, VA 22314
703.684.1100 / Fax: 703.684.1104
nsr@robinhoodesq.com
www.robinhoodesq.com

# Victor M. Glasberg & Associates ATTORNEYS

121 South Columbus Street  Alexandria VA 22314  telephone: (703) 684-1100  fax: (703) 684-1104
www.robinhoodesq.com

Victor M. Glasberg
vmg@robinhoodesq.com

Nickera S. Rodriguez
nsr@robinhoodesq.com

*Of Counsel*
Stephen G. Cochran
Bruce A. Fredrickson

*Paralegals*
Cora C. Martin, R.N., B.S.N.
cmartin@robinhoodesq.com

Douglas Bradley
doug@robinhoodesq.com

*Office Manager*
Deborah L. Robinson
dlr@robinhoodesq.com

September 1, 2020

Mr. James Raynor
#1007103
Lawrenceville Correctional Center
1607 Planters Road
Lawrenceville, VA 23868

Dear Mr. Raynor:

This letter follows my earlier letter to you dated today. If you open this one first, please read the other one before you read this one.

in light of your medical difficulties, and *only if you want to,* the authorities may be willing to get you transferred to an appropriate prison in another state. I cannot guarantee this, but it has has been raised as a possibility by defense counsel, given your difficulties here. *This is nothing that can be forced on you. It would happen, if at all, only if you agreed. The Virginia court would not control matters following a transfer: that is something to be seriously considered.* I would not recommend it, but it is your decision to make.

*[handwritten left margin: I WAS ASKED BY THE STATE IF I WILL TRANSFER TO ANOTHER STATE]*

I do not know your personal circumstances. I do not know where your family members or friends live, or whether you have connections with other jurisdictions. If you believe that transferring out of state to an appropriate facility that would *hopefully* take care of you properly makes sense, please let me know immediately, or confirm that this does not interest you. You can indicate this below and return the copy of this letter to me.

Sincerely,

Victor M. Glasberg

_____  I agree to be transferred to another state, and would like to be transferred to the state of _____, or _____, or _____

✓  I do not wish to be transferred to another state.

*[handwritten signature]* James H. Raynor #1007103        Dated: September 9th 2020

James Raynor

*This Page Exhibit #1. – A-Page #2*

*James Herman Raynor v. G. Pugh, in his individual capacity.*, Civil Action No. 1:13-cv-1117-
LMB-JFA and *James H. Raynor v. Inder Gujral, Sgt. DePriest, Captain E. Hawkins, Officer
Jefferson, Officer Rice, W. Rollins, Officer Augcomfar, and Wendell W. Pixley*, Civil Action No.
1:15-cv-842-LMB-TCB – Settlement Agreement
Page 2

*This Legal condition can not be broken by defendants at Livicic or at Geo group inc due to plaintiff's first amendment right to this religious faith as a orthodox Jewish Rabbi*

*This Line* *Done*

(2.) to Lawrenceville Correctional Center to be housed in an ADA compliant cell and

provided access to an ADA Coordinator to determine his appropriate needs,

including, but not limited to toilet access, durable medical equipment and

physical therapy pursuant to VADOC Operating Procedure 801.3;

VADOC shall agree to provide and administer the prescription medication

recommended by Dr. Crowl including Gabapentin for seizures and an anti-

inflammatory for back pain unless VADOC's medical personnel disagrees with

the administration of such medication. If such disagreement occurs, VADOC's

medical personnel is responsible for communicating with Dr. Crowl to determine

an appropriate substitute medication. If they cannot agree then they shall find a

neutral third party medical doctor to make a determination. Raynor agrees that

should he, in the opinion of VADOC medical staff, refuse to take the medication

administered for his seizures and/or back pain, then he shall attend medication

counseling and that failure to attend such counseling shall cause suspension of the

prescription medications unless VADOC failed to follow its standard operating

procedures;

*Still have not Done DONE Breach of out back No Done ? This Line*

(3.) VADOC shall agree to provide a CPAP machine to Raynor upon his arrival at

Lawrenceville Correctional Center;

(4) VADOC shall agree to schedule an appointment for Raynor to see an oral surgeon

practicing at the VCU Medical Center/Medical College of Virginia so that the oral



RECEIVED
JUL 18 2019
LVCC GRIEVANCE DEPT

EXHIBIT #1-A-PAGE #.3

*James Herman Raynor v. G. Pugh, in his individual capacity.*, Civil Action No. 1:13-cv-1117-LMB-JFA and *James H. Raynor v. Inder Gujral, Sgt. DePriest, Captain E. Hawkins, Officer Jefferson, Officer Rice, W. Rollins, Officer Augcomfar, and Wendell W. Pixley*,  Civil Action No. 1:15-cv-842-LMB-TCB – Settlement Agreement
Page 3

THIS LINE →

surgeon can take any action deemed necessary to treat Raynor's unhealthy tooth.

In the event that Raynor refuses to attend such appointment, VADOC shall be relieved of the obligations in this paragraph unless VADOC failed to follow its standard operating procedures;

NOT DONE? YET THIS LINE →

VADOC shall agree to schedule an appointment for Raynor to be evaluated by a board certified gastroenterologist. In the event that Raynor refuses to attend such appointment, VADOC shall be relieved of the obligations in this paragraph unless VADOC failed to follow its standard operating procedures;

D.O.C. POLICY HAD CHANGED TO A VA STATE LAW

The Director of VADOC, Harold Clarke, shall issue a written communication to the heads of all VADOC correctional facilities (to include all Wardens and Assistant Wardens, at a minimum) within the Commonwealth regarding record retention, including the retention of video surveillance evidence, and transparency of public records. The communication shall explain the interaction and responsibilities regarding the Commonwealth's Library of Virginia Archival and Record Management Policy, the Virginia Public Records Act, and the Record Retention and Disposition Schedule approved by VADOC effective August 19, 2011. The communication shall be similar in form and substance to the Draft correspondence attached to this Agreement as Attachment 1;

VA. EVIDENCE RETENTION POLICY #11-2.A.2. VIDEO RECORDING OF INCIDENTS. TRANSFER LAW SERIES 000326. VA STATE LAW.

7  The Director of VADOC agrees to provide an advance copy of his proposed communication to McGuireWoods for review and comment before the.

3

SEE PAGE (4) ALSO LINE 4 (8)

*Exhibit-# 1. A Page 17 24.*

*James Herman Raynor v. G. Pugh, in his individual capacity.*, Civil Action No. 1:13-cv-1117-
LMB-JFA and *James H. Raynor v. Inder Gujral, Sgt. DePriest, Captain E. Hawkins, Officer
Jefferson, Officer Rice, W. Rollins, Officer Augcomfar, and Wendell W. Pixley,* Civil Action No.
1:15-cv-842-LMB-TCB – Settlement Agreement
Page 4

communication is issued to the heads of all correctional facilities within the
Commonwealth.  Confirmation of receipt by the heads of all correctional facilities
shall be made in writing;

8. VADOC will provide training at appropriate intervals to all of its personnel
related to the preservation of documents, including, but not limited to the
preservation of video surveillance evidence;

9. Within thirty (30) days of the execution of this Agreement by Raynor Defendants
shall pay the following amounts:

a. Defendants shall pay the sum of $50,000 to McGuireWoods in lieu of
attorneys' fees and costs, which shall include any and all fees and costs granted
by the Court, including in its Order of October 14, 2016.  The payments of
costs detailed in paragraphs 9(c) and 9(d) are in addition to the payment
outlined in this paragraph;

b. McGuireWoods shall donate the sum of forty two thousand three hundred
twenty five dollars and sixty four cents ($42,325.64) to Greater Richmond Stop
Child Abuse Now ("SCAN"), and the sum of seven thousand six hundred and
seventy four dollars and thirty six cents ($7,674.36) to the Central Virginia
Legal Aid Society ("CVLAS");

c. Defendants shall pay eighteen thousand five hundred one dollars and thirty
nine cents ($18,501.39) to the Clerk of Court for the Eastern District of

4

*EXHIBIT #1-A PAGE #5.*

James Herman Raynor v. G. Pugh, in his individual capacity., Civil Action No. 1:13-cv-1117-LMB-JFA and James H. Raynor v. Inder Gujral, Sgt. DePriest, Captain E. Hawkins, Officer Jefferson, Officer Rice, W. Rollins, Officer Augcomfar, and Wendell W. Pixley, Civil Action No. 1:15-cv-842-LMB-TCB – Settlement Agreement
Page 5

Virginia for reimbursement of costs expended by McGuireWoods in prosecuting Civil Action No., 1 and Defendants shall send a copy of such payment to Judge Leonie Brinkema; and

d) Defendants shall pay $11,000.00 to McGuireWoods to satisfy any and all additional costs expended by McGuireWoods in prosecuting Civil Action No. 1;

10. Defendants, by and through VADOC, shall waive any required payments by Raynor for any and all future medical co-pays for medical treatment visits, prescription medications, and/or medical devices of any kind.

*DONE*

11. Defendants, by and through VADOC, agree that debts for Raynor's inmate trust account of any nature whatsoever, including, but not limited to past medical co-pays and VADOC legal charges, shall be reduced to zero within fourteen (14) days of the execution of this Agreement, by Raynor such that any future amount that comes into any future account for Raynor is not used to offset any past or future medical co-pay or past legal charge;

*MY JOB*

*DONE THEN TAKEN AWAY*

12. Defendants, by and through VADOC, will make all reasonable efforts to accept, "review," and fulfill Raynor's application(s) for employment at Lawrenceville Correctional Center;

*This ALSO VIOLATES This SETTLEMENT Agreement CONTRACT:*

*This LINE*

*MY JOB THAT WAS TAKEN DUE TO THIS CIVIL ACTION BEING TAKEN. THE COURT WAS GIVEN EXHIBITS THAT SHOW THIS FACT. BUT THIS CONTRACT IS A LEGAL DOCUMENT For WHICH ACTION IS NEEDED TO OBTAIN MY JOB I HAD. AND FULL REINBURSTMENT FROM THE FULL TIME JOB WAS TAKEN . . .*



*[Handwritten:]* EXHiBiT 1-A.

*[Handwritten:]* This PAGE
EXHiBiT #1-A PAGE #6 LiNE #14

*James Herman Raynor v. G. Pugh, in his individual capacity.*, Civil Action No. 1:13-cv-1117-LMB-JFA and *James H. Raynor v. Inder Gujral, Sgt. DePriest, Captain E. Hawkins, Officer Jefferson, Officer Rice, W. Rollins, Officer Augcomfar, and Wendell W. Pixley,* Civil Action No. 1:15-cv-842-LMB-TCB – Settlement Agreement
Page 6

*[Handwritten left margin:]* ANY AND All ATTORNEY'S FEES AND All COSTS EXPENDED iN SUBSEQUENT ACTION TO ENFORCE THIS AGREEMENT

13. Raynor and Defendants, by and through VADOC, agree that the United States District Court for the Eastern District of Virginia shall retain jurisdiction for all disputes related to this Agreement;

*[Handwritten:]* This LiNE

14. Raynor and Defendants, by and through VADOC, agree that if a party is required to file an action to enforce this Agreement, the prevailing party shall be entitled to "any and all attorneys' fees and costs expended in any subsequent action to enforce this Agreement;"

*[Handwritten:]* This Also MEANS All LEGAL COPiES For FiLiNG iN THE COURT As WELL As LEGAL PROCESSiNG iN THE COURT:

*[Handwritten left margin:]* All PLAINTIFF'S FiLiNGS HAS BEEN TO ENFORCE This SETTLEMENT AGREEMENT NOTHiNG ELES: THiS iS LEGAL FACT'S BEYOND ANY REASONABLE DOUBT

15. Upon complete execution of the Agreement by all parties, counsel for Raynor shall file with the Court a stipulation of dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, providing that the Civil Action No. 1 is dismissed with prejudice. Within ten (10) days of complete execution of the Agreement, the Attorney General's Office shall draft 1) a motion for dismissal with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, requesting that Inder Gujral be voluntarily dismissed from Civil Action No. 2 with prejudice, and 2) a motion for dismissal with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, requesting that the Civil Action No. 2 be dismissed with prejudice against all Defendants, and file both motions for dismissal with prejudice with the Court upon receiving Raynor's signature. Raynor shall not withhold his signature. As noted above, in Paragraph 13 of this



6

*ExHiBiT # 1. A PAGE # 1*

*James Herman Raynor v. G. Pugh, in his individual capacity.*, Civil Action No. 1:13-cv-1117-LMB-JFA and *James H. Raynor v. Inder Gujral, Sgt. DePriest, Captain E. Hawkins, Officer Jefferson, Officer Rice, W. Rollins, Officer Augcomfar, and Wendell W. Pixley*, Civil Action No. 1:15-cv-842-LMB-TCB – Settlement Agreement
Page 7

Agreement, the parties agree that the Court shall retain jurisdiction to enforce the

terms of this Agreement;

*This LiNE→ PLAINTIFF WiLL BE giVEN A NEW PRESS RELEASE*

16. Counsel for Raynor and counsel for Defendants will agree to coordinate any press

releases or responses that result from the settlement of Civil Action No. 1;

17. Should any clause, sentence, paragraph, or other part of this Agreement be

unenforceable for any reason, such adjudication shall not affect, impair,

invalidate, or nullify the remainder of the Agreement, but shall affect only the

clause, sentence, paragraph, or other parts so adjudged;

18. Raynor and Defendants agree that the above-described terms and payments reflect

only the uncertainty and expense of litigation and do not represent compensation

for any act or omission of Defendants in these Civil Actions No. 1 and 2;

19. Raynor and Defendants shall not deem the dismissal of Civil Actions No. 1 and 2

as an admission by Raynor or Defendants of any wrongdoing or success in

prosecuting or defending these Civil Actions;

20. This is the entire Agreement between Raynor and Defendants. This Agreement is

entered into voluntarily by Raynor and Defendants. No promises have been made

by or to either Raynor or Defendants, except as stated herein. This Agreement

settles completely and forever the claims and demands set forth in and relating to

Civil Actions No. 1 and 2;

7

EXHIBIT # 1-A PAGE # 8

*James Herman Raynor v. G. Pugh, in his individual capacity.*, Civil Action No. 1:13-cv-1117-LMB-JFA and *James H. Raynor v. Inder Gujral, Sgt. DePriest, Captain E. Hawkins, Officer Jefferson, Officer Rice, W. Rollins, Officer Augcomfar, and Wendell W. Pixley*, Civil Action No. 1:15-cv-842-LMB-TCB – Settlement Agreement
Page 8

21.    Raynor agrees to forever release and discharge Defendants, the Commonwealth of Virginia, VADOC, and VADOC's officers, employees and agents from any present or future claims, or actions concerning the allegations and claims known and unknown at the time of execution of this Agreement, and as set forth in, or relating to, Civil Actions No. 1 and 2; and

22.    This Agreement shall be signed in counterparts, each of which shall be deemed an original, but all of which together constitute one and the same Agreement.

**SIGNATURES CONTINUED IN ATTACHED COUNTERPARTS**

*Exhibit #1-A Page #9*

*James Herman Raynor v. G. Pugh, in his individual capacity.*, Civil Action No. 1:13-cv-1117-LMB-JFA and *James H. Raynor v. Inder Gujral, Sgt. DePriest, Captain E. Hawkins, Officer Jefferson, Officer Rice, W. Rollins, Officer Augcomfar, and Wendell W. Pixley,* Civil Action No. 1:15-cv-842-LMB-TCB – Settlement Agreement
Page 9

        IN  WITNESS  WHEREOF,  the  parties  hereto  evidence  their  agreement  and  have executed this Agreement as of the day and year first below written.

        This _2nd_ day of _Dec._ 2016.

                                        James H Raynor 1007103
                                        James Herman Raynor

                                        Dana Kelly 12/2/16
                                        DANA KELLY
                                        NOTARY PUBLIC
                                        COMMONWEALTH OF VIRGINIA
                                        COMMISSION EXP. 09/30/2018
                                        REGISTRATION #7241137

9

*Exhibit #1-A Page #10*

*James Herman Raynor v. G. Pugh, in his individual capacity.*, Civil Action No. 1:13-cv-1117-LMB-JFA and *James H. Raynor v. Inder Gujral, Sgt. DePriest, Captain E. Hawkins, Officer Jefferson, Officer Rice, W. Rollins, Officer Augcomfar, and Wendell W. Pixley,* Civil Action No. 1:15-cv-842-LMB-TCB – Settlement Agreement
Page 10

        IN WITNESS WHEREOF, the parties hereto evidence their agreement and have executed this Agreement as of the day and year first below written.

        This ___6___ day of ___December___ 2016.

                                        *Gerard Pugh*
                                        Gerard Pugh

EXHIBIT #1-A-PAGE #11

*James Herman Raynor v. G. Pugh, in his individual capacity.*, Civil Action No. 1:13-cv-1117-LMB-JFA and *James H. Raynor v. Inder Gujral, Sgt. DePriest, Captain E. Hawkins, Officer Jefferson, Officer Rice, W. Rollins, Officer Augcomfar, and Wendell W. Pixley*, Civil Action No. 1:15-cv-842-LMB-TCB – Settlement Agreement
Page 11

IN WITNESS WHEREOF, the parties hereto evidence their agreement and have executed this Agreement as of the day and year first below written.

This ___6th___ day of ___December___ 2016.

Defendants to Civil Action No. 2
Except Inder Gujral

By: _____

Harold Clarke, in his capacity as Director of the
Virginia Department of Corrections

11

Page 1 of 4

3/6          11-13-2020     09:02:45 a.m.     (0.0% of total sleep time) and last, REM 50.0 minutes (14.0% total sleep time).

*Exhibit #1-A-Page #11*

*James Herman Raynor v. G. Pugh, in his individual capacity.*, Civil Action No. 1:13-cv-1117-LMB-JFA and *James H. Raynor v. Inder Gujral, Sgt. DePriest, Captain E. Hawkins, Officer Jefferson, Officer Rice, W. Rollins, Officer Augcomfar, and Wendell W. Pixley,* Civil Action No. 1:15-cv-842-LMB-TCB – Settlement Agreement
Page 11

IN WITNESS WHEREOF, the parties hereto evidence their agreement and have executed this Agreement as of the day and year first below written.

This __6 TH__ day of __December__ 2016.

Defendants to Civil Action No. 2
Except Inder Gujral

By: _Hw. Clarke_

Harold Clarke, in his capacity as Director of the
Virginia Department of Corrections

11

Raynor, James
5/15/1960



# SOUTHERN VIRGINIA
## REGIONAL MEDICAL CENTER

727 North Main Street, Emporia VA 23847

Phone: 434-348-4447    Fax: 474-348-4754

# POLYSOMNOGRAPHY REPORT

## Patient Demographics

| | | | |
|---|---|---|---|
| Patient name: | Raynor | Study Location: | SVR Sleep |
| First name: | James | MRN Number: | 760447129 |
| Sex: | Male | Started: | 11/12/2020 at 8:12:34 PM |
| Birth date: | 5/15/1960 | Stopped: | 11/13/2020 at 3:14:34 AM |
| Patient age: | 60 years | Duration: | 7:02:00 hours (422.0 min) |
| Height: | 70.0 in. | Weight: | 240.0 lbs. |
| BMI: | 34.4 lb/in² | | |

| | | | |
|---|---|---|---|
| Referring provider: | Esochaghi, I | Interpreting physician: | Minai, Omar |

## Testing Type & Methods

Type of Test: PSG

CPT: <u>95810</u> Attended Polysomnography 4 or more channels

Method: Polysomnography was conducted on the night of 11/12/2020. The following parameters were monitored: frontal, central and occipital EEG, electrooculogram (EOG), submentalis EMG, nasal and oral airflow, anterior tibialis EMG, body position and electrocardiogram. Additionally, thoracic and abdominal movements were recorded by inductance plethysmography. Oxygen saturation (SpO2) was monitored using a pulse oximeter. The tracing was scored using 30 second epochs. Hypopneas were scored per AASM definition VIII.4.A (4% desaturation).

## Brief Clinical History

This patient is a 60 year old who underwent a diagnostic polysomnogram to evaluate the patient's sleep disorder. Patient was on CPAP in 2017. CPAP was destroyed in an accident. Patient states he has lost at 240Lbs in the last year.

## Sleep Data

The study began on 11/12/2020 at 8:19:04 PM. The patient was monitored for a total of 376.4 minutes, out of which the patient slept for 357.5 minutes. Sleep onset occurred at 8:29:04 PM for a sleep latency of 10.0 minutes. Sleep efficiency was 95.0%. REM latency was 66.0. Wake after Sleep Onset (WASO): 8.9 minutes. The study ended on 11/13/2020 at 2:35:28 AM.

A breakdown of sleep staging reveals the following: Stage N1 15.0 minutes (4.2% of total sleep time), Stage N2 292.5 minutes (81.8% of total sleep time), Stage N3 0.0 minutes (0.0% of total sleep time) and last, REM 50.0 minutes (14.0% total sleep time).

Raynor, James
5/15/1960

Study Date: 11/12/2020

*LAST DATE
I WAS TESTED*

## Respiratory Data

During the study, there were a total of 34 apnea events occurred for an apnea index of 5.7 /hour. 51 hypopnea events occurred for a hypopnea index of 8.6 /hour of sleep. 85 apnea and hypopnea events were observed during the analysis period as follows: 32 obstructive apneas, 2 central apneas, 0 mixed apneas, and 51 hypopneas for an apnea/hypopnea index (AHI) of 14.3 /hour of sleep. AHI while supine: 14.3. Snore index: 0.00. Snoring was moderate. Cheyne Stokes was not observed.

*(32.) To STOP CHOKE, And/or PREVENT AIR PASSAGE: To cut OFF The OXYGEN To STOP BREATHING:*

*THE HEART STOPS + FLAT LINES :(2)*

*Low OXYGEN Blood eCOUNT= ABNormally shallow, And or slow, or stop BREATHING (51).*

*A shut down of THE Bodies RESPiRATOR: FUNCKTION:*

### Respiratory Summary by Body Position

|  | Supine | Left | Right | Prone | Total |
|---|---|---|---|---|---|
| AHI, REM | 8.4 |  |  |  | 8.4 |
| AHI, NREM | 15.2 |  |  |  | 15.2 |
| AHI, Total | 14.3 |  |  |  | *14.3* |

**Oximetry:** Desaturations were based on 4% or greater drop from baseline. 1.5 desaturations occurred during the study. The average SpO2 was 97%. The minimum SpO2 value during sleep was 90%. The minimum SpO2 value associated with a respiratory event was 90%. The duration of SpO2 less than 88% was 0.00 minutes.

## Cardiac Data

The average heart rate during sleep was 53.3 bpm. The 95th percentile heart rate during sleep was 59.0 bpm. The 95th percentile highest heart rate during recording was 59.0 bpm.

## Arousal Statistics

A total of 123 arousals (20.6/hour) were observed during the analysis period as follows, 34 respiratory arousals, 0 Leg Movement arousals, 89 spontaneous arousals and 0 snore arousals.

## PLM Statistics

There were 0 PLMs with a PLM arousal index of 0/hour.

Page 2 of 4

Raynor, James
5/15/1960

Study Date: 11/12/2020



Page 3 of 4

Raynor, James
5/15/1960

Study Date: 11/12/2020

## Impressions:

Significant Obstructive Sleep Apnea (G47.33)

## Recommendations:

- The patient should return for Positive Airway Pressure Titration.
- Optimize sleep habits by maintaining a regular sleep/wake cycle, ensure sufficient total sleep time, avoid caffeine after 2 pm, and avoid looking at the clock during the night.
- Electronic media should be limited in the sleep environment.
- Regular exercise and maintaining an ideal body weight promote good sleep health.
- Avoid driving if tired or sleepy.
- Alcohol and sedative medication can exacerbate sleep apnea and should be avoided close to bed time.

PHYSICIAN SIGNATURE: Electronically Signed
Omar Minai, M.D.
Diplomate American Board of Sleep Medicine
Date: 11/13/20

Page 4 of 4

1/13/2021                                                  Mail - ▉▉▉ Jones-Peterson - Outlook

## [EXTERNAL] Sleep Lab Appt. Scheduling!

Hailey, Casey ▉▉▉▉▉▉▉

Wed 1/13/2021 3:23 PM

To: ▉▉ Jones-Peterson ▉▉▉▉▉

*Exhibit- C -*

*This Document shows That GEo Group Inc, Due To money issue's Failed To provide Emergency medical help For sever + Dangerious sleep Apnea :*

Hi there Ms. Peterson!

I am your girl who schedules for our Emporia location. I am new to this location and I think they are still trying to get word out as to me being the new point of contact for scheduling. I am sorry to hear of the troubles you have had in reaching us.

At this moment, we are newly considered out of network with these inmates anthem plans. This was just brought to our attention about a week ago and I am waiting for direction from management as to what do to or how to proceed or what to tell you guys to do.

I have just sent them a follow up email to see what options we have, if any, at this moment. I have about 3 other inmates to schedule but my hands are tied at this time, we want the procedure covered, obviously.

Please hang in there. I have saved this request and will keep you posted as I know more.

This is the best way to reach me directly. I have no direct contact number at this time working from home. And my person fax is listed below. The ▉▉▉▉▉▉ The cell listed is my person cell and not protected to discuss specific patient information. ☹ BUT If you email me, I can call you back from our secure app. Outgoing calls I can make. Just cant accept incoming calls at this time.



Casey Hailey | Senior Registrar, CC Superuser, MA
**Bon Secours Sleep Disorders Center**
St. Mary's Hospital ▉▉▉▉▉▉▉▉▉

CONFIDENTIALITY NOTICE: This message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.



VIRGINIA
DEPARTMENT OF CORRECTIONS

*Exhibit ~ C ~*
*Criminal Fraudulant contempt*
*For withholding A.D.A. Durable medical Equipment:*
*sleep study Test Done in 2-17* **Emergency Grievance** 866_F4_4-16
*At South Hampton: Teck. Nancy Did The Test it was a*
*2-Night Test*

## Emergency Grievance    Log # 157826

*Emergency Grievances* are provided for offender reporting and expedited staff responses to allegations that an offender is subject to a substantial risk of imminent sexual abuse and to situations or conditions which may subject the offender to immediate risk of serious personal injury or irreparable harm.

| Raynor | Rabbi: James | # 1007103 | LVCC | HU-70-71-109 |
|--------|--------------|-----------|------|--------------|
| Offender Last Name | First | Number | Facility | Building-Cell/Bed |

## PART A- OFFENDER CLAIM

What is the emergency? *I NEED My C.P.A.P. Machine A.S.A.P. PLEASE "Like Today," I'VE BEEN VERY PATIENT, and very RESPECTFULL DESPITE, THE LIFE ENDANGERMENT of ME NOT HAVING IT FOR over A Full month NOW: This Issue NEEDs To BE TAKEN CARE OF A.S.A.P. My HEALTH And LiFE DEPEND on My Breathing At Night when I STOP: There is no RELEVANT LEGAL REASON To Not HAVE it BEFORE something HAPPEN's To Harm, or PUT My LiFE At Risk:*

| 9-14-20    9:00 Am | Rabbi: James. N. Raynor | # 1007103 |
|---------------------|--------------------------|-----------|
| Date/Time | Offender Signature and Number | |

## PART B- STAFF RESPONSE
### (This part is to be completed and returned to the offender within eight (8) hours.)

☐ Your grievance does not meet the definition for an emergency.  Action Taken/Recommended:
  ☐ Submit Informal Complaint       ☐ Evaluated by Medical: Date Seen _____
  ☐ Submit Sick Call Request        ☐ Send an Offender Request To: _____
  ☐ Submit Request to Dental        ☐ Other  (Provide detailed explanation below)

*Hi Mr. Raynor -- we are working on getting you a machine. Talk with Mrs Peterson*

☐ Your grievance has been determined to be an emergency and the following action has been taken:
  ☐ Sent to Hospital: Date Transported                    ☐ Other  (Provide detailed explanation below)

| 1410  9/14/2020 | B. Rumllaw | 1410  B. Rumllaw |
|------------------|------------|-------------------|
| Date/Time | Respondent Signature | Name/Title Printed |

☐ **PREA** - Alleged incident of sexual abuse or sexual harassment; Shift Commander, Facility Unit Head or Administrative Duty Officer, and facility PREA Compliance Manager notified

Alleged sexual abuse or sexual harassment  ☐ Will be referred for Investigation

Determination by: _____
| | Signature | Name/Title Printed | Date/Time |

Distribution:   Original Grievance returned to Offender, Copy forwarded to Institutional Ombudsman/Grievance Coordinator

*Exhibit – c –*



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Emergency Grievance** 866_F4_4-16

## Emergency Grievance     Log # **157841**

*Emergency Grievances* are provided for offender reporting and expedited staff responses to allegations that an offender is subject to a substantial risk of imminent sexual abuse and to situations or conditions which may subject the offender to immediate risk of serious personal injury or irreparable harm.

_Raynor_   _Rabbi: James_   _# 1007103_   _LVCC_   _HU-70-71-109_
Offender Last Name     First     Number     Facility     Building-Cell/Bed

### PART A- OFFENDER CLAIM

What is the emergency? _I Have tryed for 1½ month's to obtaine my C.P.A.P. machine: I am being put in substantial Risk of serious Harm, and Injury that could cause stroke, or death every day + night I do not Have my C.P.A.P. machine! This is a medical Failure of Duty, and Failure to exercise Reasonable Due care: The Fact that medical Has common Knowledge of a very serious medical condition, and is Failing to provide the medical A.V.A. equipment I.E. C.P.A.P. machine make's it Deliberent Indifferent to my serious medical need's and violating 8th Amendment where as they Have no qualified Immunity_

_9-22-20_   _8:30 am_   _Rabbi: james – Raynor   # 1007103_   _From Trial_
Date/Time                         Offender Signature and Number

### PART B- STAFF RESPONSE

(This part is to be completed and returned to the offender within eight (8) hours.)

✓ Your grievance does not meet the definition for an emergency.  Action Taken/Recommended:
- ☐ Submit Informal Complaint     ☐ Evaluated by Medical: Date Seen _____
- ☐ Submit Sick Call Request     ☐ Send an Offender Request To: _____
- ☐ Submit Request to Dental     ☐ Other  (Provide detailed explanation below)

_Placed on MD sick call._

☐ Your grievance has been determined to be an emergency and the following action has been taken:
☐ Sent to Hospital: Date Transported _____     ☐ Other  (Provide detailed explanation below)

_9/22/2020 1545_   _L. Smith RN._   _L. Smith RN._
Date/Time     Respondent Signature     Name/Title Printed

☐ **PREA** - Alleged incident of sexual abuse or sexual harassment; Shift Commander, Facility Unit Head or Administrative Duty Officer, and facility PREA Compliance Manager notified
Alleged sexual abuse or sexual harassment ☐ Will be referred for Investigation

Determination by: _____
Signature     Name/Title Printed     Date/Time

Distribution:   Original Grievance returned to Offender, Copy forwarded to Institutional Ombudsman/Grievance Coordinator

*Exhibit C*

*For which the Plaintiff is 3rd-Party Beneficiary of: Defendants is Independent Contractors or between Plaintiff and VA. D.O.C. under color v. Donelly 42-F.3d-220-223 (4th Cir. 1994)*

*Unlawful Breach of Contract:*

**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Informal Complaint** 866_F3_4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

| Rabbi: James H. Raynor | # 1007103 | H4-70-71-109 |
|---|---|---|
| Offender Name | Offender Number | Housing Assignment |

| L.V.C.C. Medical Department Supervisor's | 10-6-20 / 8:00 AM |
|---|---|
| Individuals Involved in Incident | Date/ Time of Incident |

- [ ] Unit Manager/Supervisor
- [ ] Personal Property
- [x] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [ ] Other (Please Specify):
- [ ] Institutional Program Manager
- [ ] Mailroom

**Briefly explain the nature of your complaint (be specific):** L.V.C.C. Medical Department supervisor's are legally liable for Plaintiff's medical condition, and having a common knowledge of a substantial risk of harm or injury dose exists from "Sleep Apnea", and the failure of legal duty that expose Plaintiff to life endangerment by (Modus Operadi) to refuse life supporting medical A.D.A. equipment Plaintiff's C.P.A.P. machine fails on the violations under the U.S. constitutional laws of the 8th Amendment for deliberate indifference to my serious medical needs: for unreasonable risk of harm and life endangerment requirement: under the federal relevance rules Plaintiff at all times has significantly provided, and identified "personally" by request "face to face meetings" and provided All) Federal Court ordered contract. Medical records, that has proved beyond reasonable doubt Plaintiff has sleep apnea + medical perscription for C.P.A.P. to be set at 9C presure. Plaintiff has personal indentified his Colly has to call security for his stoped breathing at nights, and by refusing him his replacement C.P.A.P. machine that he droped in sewer water: puts Plaintiff at sever risk of harm or injury: and proper action's will be taken admediatly.

Offender Signature *Rabbi: James H. Raynor* Date 10-6-20 *Copies has been sent to U.S. District Court Attorneys U.S. Department of Justice U.S. Department of Health & Human Serv.*

**Offenders - Do Not Write Below This Line**

| Date Received: 10-8-20 | Tracking # LVCC 20-Inf-03258 |
|---|---|
| Response Due: 10-22-20 | Assigned to: Medical |

**Action Taken/Response:**

Mr Raynor, as discused on friday 09 oct. we are working with sleep study center to set you an appointment. we can not purchase a CPAP machine without a script from a license provider. many thanks for your patence

| Respondent Signature | AA Dornchiad | 10/14/20 |
|---|---|---|
| | Printed Name and Title | Date |

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____ Date: _____

Staff Witness Signature: _____ Date: _____ **OCT 0 8 2020**

Revision Date: 4/28/17



*FORMAL LEGAL NOTICE OF ACTION*
*BEING TAKEN: For CRIMINAL FRAUDULANT* **EXHIBIT- C-**
*CONVERSION: To WITH HOLD MY PERSONAL*
*C.P.A.P. MACHINE BY USE OF FRAUD*
*BREAKING FEDERAL LAW'S:*

VIRGINIA
DEPARTMENT OF CORRECTIONS                                    Informal Complaint  866_F3_4-17

# Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

Offender Name: *Rabbi: JAMES H. RAYNOR  R 1007103*

Offender Number: *R 1007103*     Housing Assignment: *HU-70-71-109*

Individuals Involved in Incident: *Mr. ALVARADO H.S.A.*

Date/ Time of Incident: *10-25-20 / 7:00 AM*

- [ ] Unit Manager/Supervisor
- [ ] Personal Property
- [ ] Medical Administrator
- [ ] Food Service
- [ ] Commissary
- [x] Other (Please Specify): *Mr. BRECKON: FACILITY ADMIN.*
- [ ] Institutional Program Manager
- [ ] Mailroom

Briefly explain the nature of your complaint (be specific): *PLAINTIFF AT ALL TIMES FROM TODAY 10-25-20* ~~TRYED UNTIL~~ *UNTIL JUNE-2020: TO GET HIS PERSONAL PROPERTY I.E. C.P.A.P. MACHINE BACK THAT FELL IN 10 IN. OF SEWER WATER IN JUNE-2020: PLAINTIFF'S C.P.A.P. MACHINE WAS A PART OF FEDERAL CONTRACT UNDER RAYNOR V. PUGH, 1-13-CV-1117-LMB-JFA. PAGE #(2), LINE #(3). VA.D.O.C. SHALL AGREE TO PROVIDE A C.P.A.P. MACHINE TO RAYNOR UPON HIS ARRIVAL AT LAWRENCEVILLE C.C.: IN 2017 PLAINTIFF WAS SENT FOR A SLEEP STUDY AT SOUTH HAMPTON BY L.V.C.C. WHERE AS HIS PERSONAL PROPERTY ONE C.P.A.P. MACHINE WAS ORDERD AND GIVEN: IN JUNE-2020 DURING THE SEWER WATER FLOOD OF HU-70 71-109 C/O WOKE PLAINTIFF & HIS CELLY UP UPON THIS HIS C.P.A.P. MACHINE WAS DROPED IN THE SEWER WATER WHEN C/O TRYED DURING HIS WIFE'S OFF THE FLOOR: EVERY SINCE THEN PLAINTIFF HAS BEEN REFUSED HIS C.P.A.P. MACHINE: PUING PLAINTIFF AT SEVER RISK OF SERIOUS HARM OR DEATH: ON 10-24-20 LAST NIGHT PLAINTIFF STOPED BREATHING IN HIS SLEEP HIS CELLY GOT HIM UP. LAST NIGHT PLAINTIFF COULD HAVE DIED: PLAINTIFF'S ATTORNEY WILL FILE SUBPOENA'S FOR HIS C.P.A.P. MACHINE: AND FILE ACTIONS IN THE COURT FOR UNLAWFUL LIFE ENDANGERMENT: ALSO A SUBPOENA FOR PLAINTIFF'S MEDICAL RECORD'S OF 2017 OF HIS SLEEP STUDY WILL BE GIVEN: AND IF*

Offender Signature: *Rabbi: James H. Raynor  R 1007103*     Date: *10-25-20*  *Medical Record's of THAT SLEEP STUDY IS NOT FOUND A BREACH OF SECURITY NOTICE WILL BE FILE*

**Offenders – Do Not Write Below This Line**

Date Received: *10-27-20*

Response Due: *11-10-20*     Tracking #: *LVCC20-Inf-0343*

Action Taken/Response:     Assigned to: *Medical*

*PLEASE BE APVISED THAT THE HEALTH SERVICES DEPARTMENT HAS INITIATED THE PROCESS OF OBTAINING A NEW CPAP UNIT FOR YOU. YOU RECENTLY HAD A SLEEP STUDY WHICH IS THE BEGINNING OF THIS PROCESS.*

Respondent Signature

**C. Yarger RN, RHSM**
**GEO Secure Services**
**Eastern Regional Office**     Printed Name and Title     Date: *11/20/20*

**WITHDRAWAL OF INFORMAL COMPLAINT:**
I wish to voluntarily withdraw this Informal Complaint. I understand that by withdrawing this Informal Complaint I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____     Date: _____

Staff Witness Signature: _____     Date: _____

RECEIVED
OCT 27 2020
LVCC GRIEVANCE DEP

**GEO** The GEO Group, Inc.

**LAWRENCEVILLE CORRECTIONAL CENTER**
Lawrenceville, VA

*Exhibit # C -*

*For my C.P.A.P. Machine Being Refused For (8) Months:*
*From June - 2020*

*Formal Legal Notice of Action Needed And Being Taken:*
*Received 1-10-2021*

### Offender Request

**DIRECTIONS**
1. Fill in your **Name**, **Number**, **Full** **Housing** **Assignment**
2. Please **Print** your request; **KEEP IT BRIEF**
3. Drop in the appropriate Mail Box
4. Requests may be returned unanswered if addressed to the wrong department or if duplicate requests are sent.

| YOUR LAST NAME | FIRST | MI | NUMBER | BLDG/CELL |
|---|---|---|---|---|
| Raynor | Rabbi: James | H. | # 1007103 | HU-70-71 109 |

| WORK ASSIGNMENT | ASSIGNED COUNSELOR | TODAY'S DATE |
|---|---|---|
| N/A | Ms. Lundy | 1-6-21 |

**TO:** ☐ Unit Manager ☒ Medical ☐ Personal Property ☐ Law Library ☐ Security ☐ Treatment ☐ Mental Health ☐ Education ☐ Dental ☐ Maintenance ☐ Chaplain ☐ Facility Admin. ☐ Asst. Facility Admin. ☐ Chief of Housing & Programs ☐ Accounting ☐ Other

**CHECK PURPOSE** ☒Appointment Request ☐Question/Statement

Mr. C. Yarger RN, R.H.S.A.
GEO Secure Services Eastern Regional Office: I would like to know why my second-2nd part of my sleep study was stopped? per my Federal Investigation by my Attorney's and the U.S. Department of Justice: my second-(2nd) medical visit for sleep study was stopped: I would like to know why it was stopped? I have been waiting every since June-2020: Mr. Yarger, with all due respect, I've been respectfull, and I've been abused: and I've given all the good faith I can on waiting for my C.P.A.P. I found out by my Attorney's, and the U.S. Department of Justice who is investigating Federal, and State Violations, criminal misconduct, here at L.V.C.C. and the GEO Group Inc. for on going medical negligence: That's how I found out I was suppose to go for my second sleep study test for my fitting of my face mask & setting of my C.P.A.P. Machine all most (2) weeks ago and it was stopped: please be advised today is 1-6-21 if I do not have my new C.P.A.P. Machine by 1-16-21, I will have my Attorney's to file in the A Default Order for failure to act, and meet formal legal obligations required by law under my Formal Settlement Agreement's Formal Contract under the performance Bond under the legal conditions of said legal Settlement Agreement Contract: Mr. Yarger, I very much respect you, that's why this Formal Legal Notice was given instead of just filing the Default Order First: Mr. Yarger we need to meet and talk about some of my issues I've been with ause it's been (7) months and I can not wait any longer I've done my part: Under good faith: copies has gone out to my Attorney's, U.S. Department of Justice: As well my Attorney will the day after 1-16-21 contack all the news station's with copies of legal documents Being File on Their criminal investigat:

**DO NOT ATTACH ADDITIONAL PAGES; DO NOT WRITE BELOW THIS LINE**

### RESPONSE

Request sent to correct department ☐ Yes ☐ No; Routed to: _____ Date: _____

Mr. Raynor,
I have received your request and your concerns are heard. I have added you to the sick call request log for "2nd part of sleep study" per protocol but I have also personally pulled your file and passed a copy of this concern to Don Wright and HSA Yarger.
Thank you,

Offender seen ☐ Yes ☐ No

**Official Responding** Adams RN

**Date of Response** 1-10-2021

Revised Date: 01/15/2020

VIRGINIA
DEPARTMENT OF CORRECTIONS

Received @ 1050 Chley

EXHIBIT - C -

## Emergency Grievance

Emergency Grievances are provided for offender reporting and expedited staff responses to allegations that are a substantial risk of imminent sexual abuse and to situations or conditions which may subject the offender serious personal injury or irreparable harm.

Offender Last Name: __Raynor__

Rabbi: __James__
First

Log # __160__

Emergen

### PART A- OFFENDER CLAIM

What is the emergency? I'VE BEEN RESPECTFULL: I NEED my C.P.A.P. machine Now! I HAVE BEEN EVERY SINCE JUNE-2020: I HAVE ALSO BEEN Put AT RISK For over (8) Process, on 1-28-21 I will HAVE my ATTORNEY'S I'm starting my L COURT A Federal Executory Bond For LEGAL DEFAULT, For Failure To Act Failure The LEGAL OBLIGATIONS As REQUIRED AND LIFE Endangerment:

Rabbi: james M. Raynor

Offender Signature and Number # 100705

Date/Time 1-26-21   9:45 Am

☑ Your grievance does not meet the definition for an emergency.  Action Taken/Recommended:
☐ Submit Informal Complaint
☐ Submit Sick Call Request
☐ Submit Request to Dental

(This part is to be completed and returned to the offender within eight (8) hours.)

### PART B- STAFF RESPONSE

☐ Evaluated by Medical: Date Seen
☐ Send an Offender Request To:
☑ Other (Provide detailed explanation below)

We have contacted the vendor regarding your c-pap machine to this facility + are waiting its arrival.

☐ Your grievance has been determined to be an emergency and the following action has been taken:
☐ Sent to Hospital: Date Transported

☐ Other (Provide detailed explanation below)

Date/Time  1/26/21  12:30 P

☐ **PREA** - Alleged incident of sexual abuse or sexual harassment; Shift Commander, Facility Unit Head or Administrative Duty Officer, and facility PREA Compliance Manager notified

lleged sexual abuse or sexual harassment

Respondent Signature   N Preston R

N Preston R
Name/Title Printed

ermination by:

☐ Will be referred for Investigation

ution:  Original Grievance returned to Offender, Copy forwarded to Institutional Ombudsman/Grievance Coordinator

Signature

Name/Title Printed

Date/Time



*Exhibit - C -*



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Emergency Grievance** 866_F4_4-16

## Emergency Grievance     Log # 157828

*Emergency Grievances* are provided for offender reporting and expedited staff responses to allegations that an offender is subject to a substantial risk of imminent sexual abuse and to situations or conditions which may subject the offender to immediate risk of serious personal injury or irreparable harm.

~~Raynor~~ Raynor Rabbi: James    # 1007103   LVCC   HU-70-71-108
Offender Last Name    First    Number    Facility    Building-Cell/Bed

### PART A- OFFENDER CLAIM

What is the emergency? I NEED my C.P.A.P. With in (10) Working DAy's From Today! IF I CAN NOT Get This Done, I will File Proper LEGAL Criminal ACTions: I'VE DONE (2) SLEEP studies, I HAVE (85) ApNEAs PER Night (32) OBSTRUCTIVE (2). CENTER. (51) OF ANOTHER: my C.P.A.P machine NEEDs TO BE SET AT (11 cm). (9) month's is To LoNG For L.V.C.C. + GEO Group To Put my LiFE iN A SERious Risk of HArm or IJury BECAUSE it REFusses To comply To court orDER's AFTER (10) Working FEDERAL criminal charges will BE FiLED By mysELf AND my ATTORNEYS

2-17-21     7:00 AM     Rabbi: james Raynor  # 1007103
Date/Time     Offender Signature and Number

### PART B- STAFF RESPONSE
(This part is to be completed and returned to the offender within eight (8) hours.)

☐ Your grievance does not meet the definition for an emergency. Action Taken/Recommended:
☐ Submit Informal Complaint     ☐ Evaluated by Medical: Date Seen  I 9Ur iF oN 3-18-21 (10) month AFTER IT Wa
☐ Submit Sick Call Request     ☐ Send an Offender Request To:   TURNED iN oN
☐ Submit Request to Dental     ☒ Other  (Provide detailed explanation below)   JuNE 2020

MR. RAYNOR, PLEASE BE ADVISED THAT WE HAVE MADE MANY ATTEMPTS + ARE DILIGENTLY WORKING TO GET you SENT OFF SITE FOR THE CPAP FITTING + RECEIPT OF THE CPAP. I WILL PERSONALLY CALL THEM AGAIN TODAY TO SEE IF WE CAN GET

☐ Your grievance has been determined to be an emergency and the following action has been taken: THIS ADDRESSED
☐ Sent to Hospital: Date Transported ____    ☐ Other (Provide detailed explanation below) ASAP

↳ CONTINUED: PREVIOUSLY THE OFFICE INDICATED THERE WAS AN INSURANCE ISSUE + I ASKED THEM TO BILL US DIRECTLY TO EXPEDITE THIS. THEIR OFFICE HAS INDICATED THAT COVID HAS ALSO BEEN A FACTOR WITH SCHEDULING

2-17-21     [signature]
Date/Time     Respondent Signature

C. Yarger RN, RHSM
Name/Title Printed
GEO Secure Services
Facility Unit/and Office
Eastern Regional Office

☐ **PREA** - Alleged incident of sexual abuse or sexual harassment; Shift Commander, Administrative Duty Officer, and facility PREA Compliance Manager notified
Alleged sexual abuse or sexual harassment     ☐ Will be referred for Investigation

Determination by: _____
Signature     Name/Title Printed     Date/Time

Distribution:   Original Grievance returned to Offender, Copy forwarded to Institutional Ombudsman/Grievance Coordinator

**SOUTHERN VIRGINIA**
**REGIONAL MEDICAL CENTER**

Southern Virginia Regional Medical Center Sleep Center
Phone: (434) 348-4422 /727 North Main Street, Emporia, Va. 23847 Fax (434)348-4754
Medical Director: Omar Minai, MD SVRMC Sleep Services

Patient Name: Raynor James                Date Of Birth: 5 / 15 / 60

SS#____/____/____   Phone:_____          Physician Minai Omar

{ } 95810        Diagnostic Polysomnogram                    AHI  14.3
{√} 95811        CPAP/BIPAP Titration                        Low SaO2  90%
{ } 95811        Split Night Sleep Study
{ } 95805        MSLT (Multiple Sleep Latency Test)


Diagnostic Codes:
{√} G47.33 Daytime Sleepiness and Apnea        { } G47.10 Daytime Sleepiness

{ } G47.9 Snoring and Sleep D/O Breathing       { } G47.00 Insomnia/ Hypersomnia

{ } G25.89 Periodic Leg Movement Disorder       { } G47.419 Narcolepsy (No Cataplexy)

{ } _____ Other _____                 { } G47.411 Narcolepsy (with Cataplexy)


Physician: Omar Minai, MD

Signature: _____                Date: 11 / 13 / 2020

434-348-4932    SVRMC MEDICAL RECORDS                    02:23:52 p.m.    02-09-2017      5 / 12
  434-348-4423                                           10:33 a.m.      12-23-2016      46 / 54



**Sleep Disorders Center**
**Tel. 434-348-4422  Fax 434-348-4423**

# NASAL CPAP TRIAL REPORT

### Date of Study: "12/20/2016"

| Name | RAYNOR, JAMES | Height | 70.0 In |
|---|---|---|---|
| DOB | 5/15/1960 | Weight | 299.0 Lb |
| Medical Record# | | Neck Size | 17.0 Inches |
| Referring Physician | Greensville Correctional Center | Epworth | 18 |
| Interpreting Physician | Rakesh K. Sood, MD | BMI | 42.9 |

## GENERAL SUMMARY:

| | | |
|---|---|---|
| Total Sleep Time: | 393 minutes | |
| Sleep Efficiency: | 99.87% | |
| Apnea Hypopnea Index: | 3.2 | |
| Baseline SAO2 during Sleep: | 97% | SAO2 Nadir: 92% |
| PLM Arousal Index: | 0.0 | |

D. CALHOUN, MD

**DIAGNOSIS:**  Obstructive Sleep Apnea Syndrome. ICD 10: G47.33

## SUMMARY:

This was a therapuetic trial of nasal CPAP done on filtered room air. A Respironics CPAP machine was used with a Fisher & Paykel Simplus medium full face mask. The study was started with a heated humidifier. EPR at 3 was used with the CPAP for comfort.

Sleep latency was recorded at 0h 6.5 minutes with a total sleep time of 393 minutes and an excellent sleep efficiency of 99.87%. REM latency was recorded at 1h 4.0m with increase in REM sleep at 29.8% of the total sleep time.

Nasal CPAP was started at 5 cm H20 and gradually increased to 11 cm which eliminated apneas and hyponeas during sleep. Baseline oxygen saturation level now averaged 97.0%. The patient slept on his back throughout. He reported sleeping much better than usual.

The above study documents that CPAP at 11 cm H20 is effective in eliminating apneas and hypopneas during

RAYNOR, JAMES                                              Page 1 of 2

434-348-4932    SVRMC MEDICAL RECORDS    02-23:06 p.m.    02-09-2017    6/12

434-348-4423    10:43:43 a.m.    12-23-2016    47/54

sleep and the patient tolerated it well. REM sleep rebound was observed with the CPAP use.

## RECOMMENDATIONS:

1. The patient should use CPAP at 11 cm during sleep. ← SETTING SET FOR CPAP
2. Sedative hypnotics including alcohol should be avoided since they aggravate symptoms of sleep apnea.
3. Weight reduction by diet and exercise program is indicated. ← DIET NEEDED.
4. Treatment of any upper airway obstruction is suggested. ← AIRWAY OBSTRUCTION CAN CAUSE DEATH.
5. TSH level should be done since hypothyroidism is known to aggravate sleep apnea. ← A condition that makes sleep apnea. dangours
6. If sleepy driving the patient should avoid this activity until he is fully alert with the treatment. ed can cause stroke

*Rakesh K. Sood*

Rakesh K. Sood, M.D.; FAASM; FAPA

Medical Director, Sleep Disorders Center
Chief Psychiatrist
Fellow, American Academy of Sleep Medicine
Distinguished Fellow, American Psychiatric Association

cc: Greensville Correctional Center
cc: Cardiopulmonary Department
4A scoring Rules Used and Raw Data Rewiewed by RS.

D. CALHOUN, MD

RAYNOR, JAMES

434-348-4932          SVRMC MEDICAL RECORDS          02:03:15 p.m.   02-09-2017        7 /12
434-348-4423                                            3:50 a.m.   12-23-2016        48 /54

Name: JAMES RAYNOR                          Patient ID: 1345260

DOB: 5/16/1960                              Age: 56

Date: Tue, Dec 20, 2016



**Sleep Stages**



**Leg Movements**



**Microarousals**



**CPAP**



**Apneas/Hypopneas**



**Oxygen Saturation**

**SOUTHERN VIRGINIA REGIONAL MEDICAL CENTER**
727 North Main Street, Emporia, VA 23847
Phone: 434-348-4447    Fax: 434-348-4754

# CPAP Polysomnogram Report

## Patient Information

| | | |
|---|---|---|
| Name: RAYNOR, JAMES | BMI: 42.90 | Physician: Sood MD, Rakesh |
| Medical Record: 1345260  Test ID: 1345260 | Height: 70.0 In | Referring Physician: |
| Sex: male | Weight: 299.0 Lb | Scorer: BARBARA A HAYES RPSGT |
| Age: 56  (5/15/1960) | Epworth: 18 | Date of Study: 12/20/2016 |

## Scoring Technicians Comments

The patient is a 56 year old Caucasian male inmate. Here today for a CPAP. The hook up went well with no issues. The patients initial PSG was done on 12/20/16 his AHI was 5.31 and REM AHI was 17.14. CPAP was started at 5 cm H20 with a Fisher & Paykel Simplus Medium full face mask. Patients optimal CPAP Pressure appeared to 11 cm H20.  During the sleep study normal sinus rhythm was noted in EKG.  Patient did demonstrate Obstructive Sleep Apnea with loud snoring.  The patients ending AHI was 3.20 overall at 11 cm H20 AHI was 0.  The lowest oxygen saturation noted was 92%.  Periodic Limb Movement Disorder was not noted.

Medication:

Mask:  Fisher&Paykel Simplus medium fullface          Optimal Pressure: 11 cmH20

CPAP Begin: 08:56:11 PM          CPAP Ends: 03:53:16 AM

| Time | Total | Supine | Lateral | Prone | Upright |
|---|---|---|---|---|---|
| Recording (TRT) | 6h 47.0m | 6h 47.0m | 0h 0.0m | 0h 0.0m | 0h 0.0m |
| Sleep (TST) | 6h 33.5m | 6h 33.5m | 0h 0.0m | 0h 0.0m | 0h 0.0m |

| Latency | Stg. 1 | Stg. 2 | Stg. 3 | Stg. 4 | REM | Onset | Eff. |
|---|---|---|---|---|---|---|---|
| Actual | 0h 6.5m | 0h 12.0m | 0h 0.0m | 0h 0.0m | 1h 4.0m | 0h 6.5m | 99.87% |
| Normal | | | | | 1h 24.8m | 0h 11.9m | 92.00% |

| Duration | Wake | Stg. 1 | Stg. 2 | Stg. 3 | Stg. 4 | REM | MT |
|---|---|---|---|---|---|---|---|
| Total | 0.5 | 5.0 | 271.0 | 0.0 | 0.0 | 117.5 | 0.0 |
| Supine | 0.5 | 5.0 | 271.0 | 0.0 | 0.0 | 117.5 | 0.0 |
| Side | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| Prone | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| Upright | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |

| Percent | Wake | Stg. 1 | Stg. 2 | Stg. 3 | Stg. 4 | REM | MT |
|---|---|---|---|---|---|---|---|
| Total | 0.1 | 1.3 | 68.8 | 0.0 | 0.0 | 29.8 | 0.0 |
| Normal | 4.3 | 7.6 | 61.7 | 3.2 | 1.7 | 21.5 | |
| Supine | 0.1 | 1.3 | 68.8 | 0.0 | 0.0 | 29.8 | 0.0 |
| Side | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| Prone | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| Upright | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |

| AHI | | Total | OBS | MIX | CEN |
|---|---|---|---|---|---|
| 3.20 | Apnea | 0.15 | 0.15 | 0.00 | 0.00 |
| | Hypopnea | 3.05 | 3.05 | 0.00 | 0.00 |

RAYNOR, JAMES

| Position | Total | Supine | Lateral | Prone | Upright |
|---|---|---|---|---|---|
| Position AHI | 3.20 | 3.20 | 0.00 | 0.00 | 0.00 |
| REM AHI | 3.57 | | | | |
| NREM AHI | 3.04 | | | | |

| Apnea Summary | | | Sub | Supine | Lateral | Prone | Upright |
|---|---|---|---|---|---|---|---|
| TOT | 1 | Total | 1 | 1 | 0 | 0 | 0 |
| | | REM | 1 | 1 | 0 | 0 | 0 |
| | | NREM | 0 | 0 | 0 | 0 | 0 |
| OBS | 1 | REM | 1 | 1 | 0 | 0 | 0 |
| | | NREM | 0 | 0 | 0 | 0 | 0 |
| MIX | 0 | REM | 0 | 0 | 0 | 0 | 0 |
| | | NREM | 0 | 0 | 0 | 0 | 0 |
| CEN | 0 | REM | 0 | 0 | 0 | 0 | 0 |
| | | NREM | 0 | 0 | 0 | 0 | 0 |

| Hypopnea Summary | | | Sub | Supine | Lateral | Prone | Upright |
|---|---|---|---|---|---|---|---|
| TOT | 20 | Total | 20 | 20 | 0 | 0 | 0 |
| | | REM | 6 | 6 | 0 | 0 | 0 |
| | | NREM | 14 | 14 | 0 | 0 | 0 |
| OBS | 20 | REM | 6 | 6 | 0 | 0 | 0 |
| | | NREM | 14 | 14 | 0 | 0 | 0 |
| MIX | 0 | REM | 0 | 0 | 0 | 0 | 0 |
| | | NREM | 0 | 0 | 0 | 0 | 0 |
| CEN | 0 | REM | 0 | 0 | 0 | 0 | 0 |
| | | NREM | 0 | 0 | 0 | 0 | 0 |

## Desaturation Information

| | <100% | <90% | <80% | <70% | <60% | <50% | <40% |
|---|---|---|---|---|---|---|---|
| Supine | 3 | 0 | 0 | 0 | 0 | 0 | 0 |
| Side | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Prone | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Upright | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Total | 3 | 0 | 0 | 0 | 0 | 0 | 0 |

Desaturation threshold setting: 4%
Minimum desaturation setting: 10 seconds
SaO2 nadir: 92%

The longest event was a 33 sec obstructive Hypopnea with a minimum SaO2 of 95%.

The lowest SaO2 was 92% associated with a 28 sec obstructive Hypopnea.

## EKG Rates

| EKG | Avg | Max | Min |
|---|---|---|---|
| Awake | 58 | 58 | 57 |
| Asleep | 54 | 66 | 50 |

EKG Events:

## Awakening/Arousal Information

# of Awakenings  0
Wake after sleep onset  0.5m

| Arousal Association | Arousals | Index |
|---|---|---|
| Apneas | 1 | 0.2 |
| Hypopneas | 20 | 3.0 |
| Leg Movements | 0 | 0.0 |
| Snore / UARS | 7 | 1.1 |
| Spontaneous | 0 | 0.0 |
| Total | 21 | 3.2 |

## Myoclonus Information

| PLMS | Leg Movements | Index |
|---|---|---|
| Total LMs during PLMS | 0 | 0.0 |
| LMs w/ Microarousals | 0 | 0.0 |

| Isolated Limb Movements | Leg Movements | Index |
|---|---|---|
| w/ Microarousal | 0 | 0.0 |
| w/ Awakening | 0 | 0.0 |
| w/ Resp Event | 0 | 0.0 |
| Spontaneous | 0 | 0.0 |
| Total | 0 | 0.0 |

RAYNOR, JAMES

### Totals

| All Pressures | Sleep Time | Apneas | | | | Hypopneas | | | | AHI | SaO2 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Obs | Cen | Mix | Tot | Obs | Mix | Cen | Tot | | Nadir |
| | 06h 33m | 1 | 0 | 0 | 1 | 20 | 0 | 0 | 20 | 3.20 | 92% |

### CPAP / Bilevel Summary

| CPAP / Bilevel Pressure (cm H20) | | | Apneas | | | | Hypopneas | | | | | SaO2 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| IPAP | EPAP | TST | Obs | Cen | Mix | Total | Obs | Cen | Mix | Total | AHI | Nadir (%) |
| 0 | 0 | 00h 0.0m | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00 | -- |
| 5 | 5 | 00h 27.5m | 0 | 0 | 0 | 0 | 8 | 0 | 0 | 8 | 17.45 | 93% |
| 7 | 7 | 00h 28.5m | 0 | 0 | 0 | 0 | 6 | 0 | 0 | 6 | 12.63 | 92% |
| 9 | 9 | 00h 22.0m | 1 | 0 | 0 | 1 | 6 | 0 | 0 | 6 | 19.09 | 93% |
| 11 | 11 | 05h 15.5m | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0.00 | 94% |

| CPAP / Bilevel Pressure (cm H20) | | AHI | | | | |
|---|---|---|---|---|---|---|
| IPAP | EPAP | AHI | AHI (Supine) | AHI (Prone) | AHI (Side) | AHI (Unknown) |
| 0 | 0 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 5 | 5 | 17.45 | 17.45 | 0.00 | 0.00 | 0.00 |
| 7 | 7 | 12.63 | 12.63 | 0.00 | 0.00 | 0.00 |
| 9 | 9 | 19.09 | 19.09 | 0.00 | 0.00 | 0.00 |
| 11 | 11 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |

| Bilevel Pressure (cm H20) | | Sleep Stage(min) | | | | |
|---|---|---|---|---|---|---|
| IPAP | EPAP | Wake | REM | Stage 1 | Stage 2 | Stage3+4 |
| 0 | 0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 |
| 5 | 5 | 0.5 | 0.0 | 5.0 | 22.5 | 0.0 |
| 7 | 7 | 0.0 | 0.0 | 0.0 | 28.5 | 0.0 |
| 9 | 9 | 0.0 | 14.5 | 0.0 | 7.5 | 0.0 |
| 11 | 11 | 0.0 | 103.0 | 0.0 | 212.5 | 0.0 |

| CPAP / Bilevel Pressure (cm H20) | | Desaturation Profile | | | | | |
|---|---|---|---|---|---|---|---|
| IPAP | EPAP | < 100% | < 90% | < 80% | < 70% | < 60% | < 50% |
| 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| 5 | 5 | 0 | 0 | 0 | 0 | 0 | 0 |
| 7 | 7 | 1 | 0 | 0 | 0 | 0 | 0 |
| 9 | 9 | 0 | 0 | 0 | 0 | 0 | 0 |
| 11 | 11 | 1 | 0 | 0 | 0 | 0 | 0 |

RAYNOR JAMES

| CPAP / Bilevel Pressure (cm H20) | | Arousal Indices | | | | | |
|---|---|---|---|---|---|---|---|
| IPAP | EPAP | Apnea | Hypopnea | LM | Snore | Spontaneous | |
| 0 | 0 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | |
| 5 | 5 | 0.0 | 17.5 | 0.0 | 6.5 | 0.0 | |
| 7 | 7 | 0.0 | 12.6 | 0.0 | 4.2 | 0.0 | |
| 9 | 9 | → 2.7 | → 16.4 | 0.0 | 5.5 | 0.0 | |
| 11 | 11 | 0.0 | 0.0 | 0.0 | 0.0 | 0.0 | |

46.9

RAYNOR, JAMES

Page 4 of 5

Apnea/Hypopnea
20:50 21:50 22:50 23:50 00:50 01:50 02:50 03:54
HDI:3.0
ADI:0.1
AHI:3.1
Cen
Mix
Obs
HYP
APN
Hours 1 2 3 4 5 6 7

Oxygen Saturation
20:50 21:50 22:50 23:50 00:50 01:50 02:50 03:54
100
90
80
70
60
50
Des
Hours 1 2 3 4 5 6 7

Sleep Stages
20:50 21:50 22:50 23:50 00:50 01:50 02:50 03:54
MT
W
R
N1
N2
N3
Hours 1 2 3 4 5 6 7

Leg Movements
20:50 21:50 22:50 23:50 00:50 01:50 02:50 03:54
10
8
6
4
2
0
PLMS
Hours 1 2 3 4 5 6 7

Body Position
20:50 21:50 22:50 23:50 00:50 01:50 02:50 03:54
B
R
F
L
Hours 1 2 3 4 5 6 7

CPAP
20:50 21:50 22:50 23:50 00:50 01:50 02:50 03:54
20
16
12
8
4
0
17.1
12.6
19.1
AHI:0.0
Total AHI:3.1
Hours 1 2 3 4 5 6 7

Microarousals
20:50 21:50 22:50 23:50 00:50 01:50 02:50 03:54
Snore
LM
Resp
Hours 1 2 3 4 5 6 7

Oct/12/2020 12:31:26
Raynor, James H (MRN 00140005)

Sentara 7579344278

*[handwritten annotations]* PAGE

*"FraudulANT SLEEP STudy TEST" EXhiBiT - C -*
*This DATE I WAS Told By MEdicAl I HAVE No SLEEP*
*APNEA: 2016 & 2017 And 2020 Show Very DANGErious SLEEP*
*APNEA: This 10-12-2020*

**Patient Information**

| | | | |
|---|---|---|---|
| Patient Name | Sex | DOB | SSN |
| Raynor, James H | Male | 5/15/1960 | xxx-xx-1411 |

*WAS AFTER THE 2016/2017 SLEEP STudy: TEST: And Showed CriMINAl coNTEMPT.*

# Results

SLEEP STUDY RESULTS (Accession 12542131) (Order 334D8065)

## Result Information

Status: Final result (Resulted: 10/16/2014 14:42)    Provider Status: Open

## Order Date/Time

Order Date/Time
10/13/14 12:27 PM

## Transcription

| Type | ID | Date and Time | Dictating Provider |
|---|---|---|---|
| Sleep Disorder | 12542131 | 10/13/2014 12:01 PM | Sharma, Shubh, MD |

Signed by Sharma, Shubh, MD on 10/16/14 at 1442

POLYSOMNOGRAM

REFERRING PHYSICIAN:   Department of Corrections

STUDY DONE NIGHT OF:   10/09/2014

INDICATION:   Rule out obstructive sleep apnea.

DESCRIPTION: This polysomnogram was performed utilizing Viasys
CephloPro Series sleep equipment with and/or without
RespirTrace monitoring.   The recording and the interpretation
were performed utilizing 16 channels of data collection
including, but not limited to, EOG, chin EMG, EEG channels (2
central and 2 occipital), EKG, respiratory flow monitoring,
thoracic and abdominal effort monitoring, snoring sensor,
oximetry, leg anterior tibialis EMG and position monitoring.
All arousals are scored by the standard of 3 seconds as
established by the American Academy of Sleep Medicine.   All
hypopneas are scored as either associated with a 4% decrease in
oxygen saturation and/or an arousal.

FINDINGS:   The patient spent 432.5 minutes in bed with a total
sleep time of 267.0 minutes, yielding a sleep efficiency of
62%.   Sleep onset latency was 9.0 minutes.   Wake after sleep
onset was 155.5 minutes. Latency to stage REM was 325.0
minutes.   Sleep stage percentages were 28% stage I, 62% stage
II, 0% stage III, and 10% stage REM.   Severe sleep stage
fragmentation was observed.

(4) OBSTRUCTIVE HYPOPNEAS) "SHOWN"
SLEEP APNEA's

Apnea-hypopnea index was 0.9, with a minimum oxygen saturation
of 92%. Events consisted of 4 obstructive hypopneas. The
patient slept 211.0 minutes in the supine position and 56.0
minutes in the lateral position. Supine REM was observed
during the study. No Cheyne-Stokes respirations were observed.

No periodic limb movements were observed.

Cardiac monitoring demonstrated no instances of bradycardia,
asystole, sinus tachycardia, narrow complex tachycardia, wide
complex tachycardia or atrial fibrillation.

No snoring was heard during the study.

DIAGNOSIS:   PHYSIOLOGIC HYPERSOMNIA, UNSPECIFIED (327.10).

INTERPRETATION:   This baseline sleep study does not demonstrate
obstructive sleep apnea. This study was limited secondary to a
decreased sleep efficiency of 62% due to prolonged wakefulness
after sleep onset. If suspicion for obstructive sleep apnea
persists, a repeat polysomnogram may be indicated with
documentation of the patient's sleep schedule and education on
appropriate sleep hygiene techniques to help ensure the patient
sleeps throughout the night. This study was ordered as a split
night polysomnogram but did not meet respiratory disturbance
index criteria for initiation of titration during the first 2
hours of the study.

_____
Shubh Sharma, MD

Date Dictated: 10/13/2014 12:01 P
Date Transcribed: 10/13/2014 12:16 P
SS/nct  008024953
Doc# 12542131

cc:     Shubh Sharma, MD
        Department of Corrections*
Display only: Transcription (12542131) on 10/13/2014 12:01 PM by Sharma, Shubh, MD
Document history: Transcription (12542131) on 10/13/2014 12:01 PM by Sharma, Shubh, MD

Order Report
  📄 Order Details

EXHIBIT - A

## LAWRENCEVILLE CORRECTIONAL CENTER
Lawrenceville, VA

The GEO Group, Inc.

MY HEART
ISSUES/
ATTACKS

### Offender Request

AN
0500

**DIRECTIONS**
1. Fill in your Name, Number, Full Housing Assignment
2. Please Print your request; KEEP IT BRIEF
3. Drop in the appropriate Mail Box

4. Requests may be returned unanswered if addressed to the wrong department or if duplicate requests are sent.

| YOUR LAST NAME | FIRST | MI | NUMBER | BLDG/CELL |
|---|---|---|---|---|
| RAYNOR | Rabbi: JAMES | H. | # 1007103 | HU-70-71 109 |
| WORK ASSIGNMENT | ASSIGNED COUNSELOR | | TODAY'S DATE | |
| N/A | Mr. GREEN | | 5-11-20 | |

TO: ☐ Unit Manager  ☒ Medical  ☐ Personal Property  ☐ Law Library  ☐ Security
☐ Treatment  ☐ Mental Health  ☐ Education  ☐ Dental  ☐ Maintenance
☐ Chaplain  ☐ Facility Admin.  ☐ Asst. Facility Admin.  ☐ Chief of Housing & Programs  ☐ Accounting
☐ Other

**CHECK PURPOSE**  ☒ Appointment Request  ☐ Question/Statement I NEED TO SEE THE DoctoR AND PUT ON THE DOCTOR'S LIST AND TO SEE Mr. ALVARADO H.S. A EVERY DAY FOR ABOUT (3) WEEKS AT LEAST ONCE A DAY "My HEART HAS BEEN RACING REAL FAST, THEN SLOW DOWN TO A STOP FoR ABOUT 1-To-4 SECONS THEN gose BACK To A NORMAL BEAT BUT DURING THESE TIMES I FEEL PRESURE IN MY CHEST NOT PAIN AND ABOUT (4) IN ALL IT FELT HARD To BREATH BUT ONLY During THE SLOW DOWN + STOPING MY HEART DOSE NOT VERY LONG ONLY ABOUT (1)To(2) MIN: ANYWAY THIS HAS NOT EVER HAPPENED TO ME BEFORE:

◄ **DO NOT ATTACH ADDITIONAL PAGES; DO NOT WRITE BELOW THIS LINE** ►

## RESPONSE

Request sent to correct department ☒ Yes ☐ No; Routed to: _____  Date: _____

(You will be sch[e]l)

ROUT

Offender seen ☐ Yes, ☐ No

a. Williams LPN
Official Responding

5-12-20
Date of Response

( MY HEART ISSUE's
BEFORE THE ATTACKS

Revised Date: 01/15/2020

*Exhibit - A-1*



VIRGINIA
DEPARTMENT OF CORRECTIONS

**Emergency Grievance** 866_F4_4-16

## Emergency Grievance    Log # **145787**

*Emergency Grievances* are provided for offender reporting and expedited staff responses to allegations that an offender is subject to a substantial risk of imminent sexual abuse and to situations or conditions which may subject the offender to immediate risk of serious personal injury or irreparable harm.

| RAYNOR   Rabbi: JAMES | #1007103 | LVCC | Hu-70-71-109 |
| Offender Last Name          First | Number | Facility | Building-Cell/Bed |

## PART A- OFFENDER CLAIM

What is the emergency? *I'm HAVING ISSUES WITH MY HEART! IT KEEP'S going REAL FAST THEN slow's Down, AND STOP's For About (11 To (4) SECIONS THEN STARTS going NORMAL: BUT HAVING PRESURE in my ChEST, AND FEELS LIKE A KNOT JUST SETTING THERE: I Took (2) NITRO pill's #(5) mins APART THEN I did NoT TAKE Any more: This is NOT NormAL For me Nor HAS This HAPPENED EVER BEFORE About (3) ½ WEEKS AGO I NEED To BE checked:*

| 5-17-20 | 8:40 AM | Rabbi: James H. Raynor #1007103 |
| Date/Time | | Offender Signature and Number |

## PART B- STAFF RESPONSE
(This part is to be completed and returned to the offender within eight (8) hours.)

→ [✓] Your grievance does not meet the definition for an emergency.  Action Taken/Recommended:
- [ ] Submit Informal Complaint
- [ ] Submit Sick Call Request
- [ ] Submit Request to Dental
- [✓] Evaluated by Medical: Date Seen   *5/17/20*
- [ ] Send an Offender Request To:
- [ ] Other  (Provide detailed explanation below)

*My HEART RATE WAS Low, AT: (52)(46), OXGEN WAS LoU Normal is Around (66). ToDAY AT 5-17-20:*

[ ] Your grievance has been determined to be an emergency and the following action has been taken:
- [ ] Sent to Hospital: Date Transported                    [ ] Other  (Provide detailed explanation below)

| 5/17/20   10:40 A | N. Brenton RN | N Preston RN |
| Date/Time | Respondent Signature | Name/Title Printed |

[ ] **PREA** - Alleged incident of sexual abuse or sexual harassment; Shift Commander, Facility Unit Head or Administrative Duty Officer, and facility PREA Compliance Manager notified
Alleged sexual abuse or sexual harassment   [ ] Will be referred for Investigation

| Determination by: | | | |
| | Signature | Name/Title Printed | Date/Time |

Distribution:   Original Grievance returned to Offender. Copy forwarded to Institutional Ombudsman/Grievance Coordinator



*Formal Legal Notice of Actions Needed: Exhibit A-2*



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**Emergency Grievance** 866_F4_4-16

## Emergency Grievance    Log # **145788**

*Emergency Grievances* are provided for offender reporting and expedited staff responses to allegations that an offender is subject to a substantial risk of imminent sexual abuse and to situations or conditions which may subject the offender to immediate risk of serious personal injury or irreparable harm.

| *Rayner* | *Rabbi James* | *# 1007103* | *L.V.C.C.* | *Hu-70-71-108* |
|---|---|---|---|---|
| Offender Last Name | First | Number | Facility | Building-Cell/Bed |

### PART A- OFFENDER CLAIM

What is the emergency? *For a full month I've been having serious Heart issues", on 5-17-20 A EKG was done I was told my Heart Rate was low at (50), on 5-18-20 It was still going on: I was sent to Medical at 8:30 a.m. at 1:45 p.m. I never got to see anyone, I asked for my D.R. got B.P. done and Left at 1:48 p.m. This morning at 8:45 a.m. Again I'm still Having issues with my Heart Racing Real Fast then slowing down and stoping then starting again: I need to see the Doctor and Mr. Alvarado H.S.A.*

| *8:54 a.m. 5-20-20   8:54 a.m.* | *Rabbi James Rayner   # 1007103* |
|---|---|
| Date/Time | Offender Signature and Number |

### PART B- STAFF RESPONSE
(This part is to be completed and returned to the offender within eight (8) hours.)

☐ Your grievance does not meet the definition for an emergency. Action Taken/Recommended:
☐ Submit Informal Complaint   ☑ Evaluated by Medical: Date Seen   *5-20-20*
☐ Submit Sick Call Request   ☐ Send an Offender Request To:
☐ Submit Request to Dental   ☐ Other (Provide detailed explanation below)

☑ Your grievance has been determined to be an emergency and the following action has been taken:
☑ Sent to Hospital: Date Transported *5/20/2020*   ☐ Other (Provide detailed explanation below)

| *5/20/2020* | *DHoelenRn* | *DHoelen RN* |
|---|---|---|
| Date/Time | Respondent Signature | Name/Title Printed |

☐ **PREA** - Alleged incident of sexual abuse or sexual harassment; Shift Commander, Facility Unit Head or Administrative Duty Officer, and facility PREA Compliance Manager notified
Alleged sexual abuse or sexual harassment   ☐ Will be referred for Investigation

| Determination by: | | | |
|---|---|---|---|
| | Signature | Name/Title Printed | Date/Time |

Distribution:   Original Grievance returned to Offender, Copy forwarded to Institutional Ombudsman/Grievance Coordinator

*Evidence Being Taken*    *EXHIBIT - A-3*



**VIRGINIA**
**DEPARTMENT OF CORRECTIONS**

**RECEIVED**

**Informal Complaint** 866_F3_4-17

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.
**An Informal Complaint is not required for an alleged incident of sexual abuse.**

| Rabbi: JAMES H. RAYNOR | A 1007103 | HU-70-71-109 |
|---|---|---|
| Offender Name | Offender Number | Housing Assignment |

Medical Department:
Individuals Involved in Incident

5-18-20 | From - 8:30A.M. To 1:45 P.M.
~~Date~~ Time of Incident

☐ Unit Manager/Supervisor    ☐ Food Service    ☐ Institutional Program Manager
☐ Personal Property    ☐ Commissary    ☐ Mailroom
☒ Medical Administrator    ☐ Other (Please Specify):

Briefly explain the nature of your complaint (be specific): Mr. Alvarado, on 5-11-20 I put in a Medical Request to see the doctor and yourself at that time I had was having Medical Issue with my heart for (3) weeks: on 5-17-20 my heart Appial as every Day was Racing Real fast and then slow Down, and even stoped at times: on 5-16-20 Medical Request I said I was on the list to be seen: on 5-17-20 I filed a Emergency Grievance # F 145707 because of my heart still Doing the same thing. I was called to Medical I was put on EKG Mac. I was told by Nurse's my heart rate was slow at (50) on 5-18-20 I said my heart started acting Crazy: security Called Medical they said go to Medical I went to Medical at 8:30 AM, at 1:45 P.M. I was tired I asked for my I.D. Because no one seen me, when I went to Medical I asked a Nurse if she Could but she could I was leaving: she asked me why I said no, I've Been in the hallway from 8:30 A.M. until I seen her at 1:45 P.M. she did my B.P. + Checked me out at that time: Mr. Alvarado I Could have Died in the hall way no one but inmates would have known." I can not Except this as being okay! today and last night I had yet again heart Issues, and I still have not seen no doctor.

Offender Signature: Rabbi: James H. Raynor    Date 5-20-20

**Offenders - Do Not Write Below This Line**   I will Address this Issue with my attorney: and this Complaint is filed ~~... being put in~~ Risk

| | |
|---|---|
| **Date Received:** 5-26-20 | **Tracking #** LVCC 20.Info 1854 |
| **Response Due:** 6-9-20 | **Assigned to:** Medical |

Action Taken/Response:
Mr. Raynor.
"You were evaluated on 05/17 by Nurse practn.
on 05/20 by PN Hulen and were sent to E.R. CMU
for further evaluation and tx.
We continue to maintain a high level of care and we will
continue to monitor your progress
many thanks for your feedback

Respondent Signature    A. Duma, law    05/28/20
Printed Name and Title    Date

## WITHDRAWAL OF INFORMAL COMPLAINT:

I wish to voluntarily withdraw this Informal Complaint I understand that by withdrawing this Informal Complaint, I will not receive a response nor will I be able to file any other Informal Complaint or Grievance on this issue.

Offender Signature: _____ Date: _____
Staff Witness Signature: _____ Date: _____

RECEIVED JUN 05 2020 Date
LVCC GRIEVANCE DEPT

RECEIVED MAY 26 2020
LVCC GRIEVANCE DEPT

Revision Date: 4/28/17

**LAWRENCEVILLE CORRECTIONAL CENTER**
Lawrenceville, VA

The GEO Group, Inc.

**Offender Request**                           *Exhibit - (G) - (1)*

**DIRECTIONS**
1. Fill in your <u>Name, Number, Full Housing Assignment</u>
2. Please <u>Print</u> your request; <u>KEEP IT BRIEF</u>
3. Drop in the appropriate Mail Box
4. Requests may be returned unanswered if addressed to the wrong department or if duplicate requests are sent.

| YOUR LAST NAME | FIRST | MI | NUMBER | BLDG/CELL |
|---|---|---|---|---|
| Raynor | Rabbi James | H. | P 1007103 | HU-70-71 109 |
| WORK ASSIGNMENT | ASSIGNED COUNSELOR | | TODAY'S DATE | |
| N/A | Ms. Lundy | | 2-2-21 | |

TO: ☐ Unit Manager ☐ Medical ☐ Personal Property ☐ Law Library ☐ Security
☐ Treatment ☐ Mental Health ☐ Education ☐ Dental ☐ Maintenance
☐ Chaplain ☐ Facility Admin. ☐ Asst. Facility Admin. ☐ Chief of Housing & Programs ☐ Accounting
☒ Other *Ms. Bullock, A.D.A. coordinator*

**CHECK PURPOSE** ☒ Appointment Request ☐ Question/Statement *Ms. Bullock, I need my Federal A.D.A. under section: 12102, for major life activities, that include seeing low-vision devices due to physical impairment: such as visual augment image. Such as a larger T.V. of 19 inc. to magnify and help enhance as a low vision aid that is covered by both Federal A.D.A. section 12102 page B(3). of CH(11). Also covered under state mandated operating procedure 801.3 Managing offenders with disabilities dated Aug-1-2019 page(8) #9). Under durable medical equipment and disability aids. CH-(IV). Line (D): i  Also as stated Plaintiff is to have his A.D.A. Medical equipment provided to him. as stated on page #(2). Line #(1). of his first federal certified agreement contract: Raynor v. Pugh, Harold W. Clarke: Civil Action No: 1-13-cv-0117-LMB-JFA on page #(2). Line #(1). Row #(3) including, but not limited to toilet access, his durable medical equipment + physical therapy pursuant to VA D.O.C. operating procedure 801.3 Plaintiff has very poor and low eye vision and needs this A.D.A. request honored and set forth for proceeding.*

*Thank you for your time in this issue:*
*God Bless, Be Safe from covid-19:*
*C.C. has been made for U.S. Department of Justice, Federal Court, and my Attorneys:*

**DO NOT ATTACH ADDITIONAL PAGES; DO NOT WRITE BELOW THIS LINE**

**RESPONSE**

Request sent to correct department ☐ Yes ☐ No; Routed to: _____ Date: _____

*"Medical needs to approve this for you" first*

*( I put in to see eye doctor the first time on 1-24-21: Today May-13th-21 I still have not seen no one for my eyes.*

Offender seen ☐ Yes ☐ No
*"J. Bullock"*                    *(( 2-5-2021 ))*
**Official Responding**              **Date of Response**

Revised Date: 01/15/2020

RECEIVED
4-26-21
SW 1225

GEO
The GEO Group

ROUTINE

*THIS REQUEST IS AN APPOINTMENT REQUEST BY MEDICAL DEPARTMENT*

LAWRENCEVILLE CORRECTIONAL CENTER
Lawrenceville, VA

Offender Request

*Exhibit-(G)-2*

### DIRECTIONS
1. Fill in your Name, Number, Full Housing Assignment
2. Please Print your request; KEEP IT BRIEF
3. Drop in the appropriate Mail Box

4. Requests may be returned unanswered if addressed to the wrong department or if duplicate requests are sent.

| YOUR LAST NAME | FIRST | MI | NUMBER | BLDG/CELL |
|---|---|---|---|---|
| Raynor | Rabbi: James | H | # 1007103 | H4-70-70 109 |
| WORK ASSIGNMENT | ASSIGNED COUNSELOR | | TODAY'S DATE | |
| N/A | Ms. Jones | | "4-23-21" | |

TO: ☐ Unit Manager  ☒ Medical  ☐ Personal Property  ☐ Law Library  ☐ Security
☐ Treatment  ☐ Mental Health  ☐ Education  ☐ Dental  ☐ Maintenance
☐ Chaplain  ☐ Facility Admin.  ☐ Asst. Facility Admin.  Chief of Housing & Programs  ☐ Accounting
☐ Other

CHECK PURPOSE  ☒ Appointment Request  ☐ Question/Statement *Ms. King H.S.A.*

I NEED TO BE PUT IN TO SEE "THE EYE DOCTOR" ABOUT MY EYES, + GLASSES, AS WELL AS BEING PUT IN TO SEE THE PERSON ABOUT "MY ORTPEDIC SHOES AND BEE'S BOOT'S" IT IS NOT ONLY IN MY FILE BY I CAN SHOW YOU WHAT CONDITION I HAVE FROM MY FEET, BOTH OF THEM, TO MY SEVER SPINE INJURY ALL OF IT IS DOCUMENTED AND FALL UNDER MY FEDERAL SETTLEMENT AGREEMENT CONTRACT. I SAW "YOU", AND Mr. YAGAR ph H.S.M. FROM GEO. ALMOST (4) MONTHS AGO AND I STILL HAVE NOT BEEN SEEN BY EATHER THE EYE DOCTOR OR THE ORTHOPIDIC PERSON TO FIT ME FOR MY SHOE'S + BOOT'S: CAN YOU PLEASE HELP ME OUT A.S.A.P.

**DO NOT ATTACH ADDITIONAL PAGES; DO NOT WRITE BELOW THIS LINE**

### RESPONSE

Request sent to correct department ☐ Yes ☐ No; Routed to: _____ Date: _____

You will be scheduled for sick call

(I STILL HAVE NOT SEEN THE EYE DOCTOR or THE orthopedic Person FOR MY MEDICAL SHOES AND/or MY MEDICAL BOOT's.

Offender seen ☐ Yes ☐ No

_____
Official Responding

StOA 4/26/21
Date of Response

Revised Date: 01/15/2020

IN THE UNITED STATES DISTRICT COURT
For THE EASTERN DISTRICT OF VIRGINIA

PLAINTIFF : JAMES H. RAYNOR

V.
                            #(1).
                    Civil Action No: 1-13-CV-1392"
                    #(2). 1-13-CV-01117-LMB-JFA"

DEFENDANT's : Ms. Bullock, D.D. Hicks, GEO Group Inc. ET. AL.

(( MOTION ))

MOTION TO SUBMIT BEFORE THIS HONORABLE COURT. A FORMAL CLAIM. AGAINST

THE DEFENDANT's All NAMED HEREIN FOR CRIMINAL CONTEMPT OF FEDERAL

COURT ORDER's. AND CONDITIONAL LAW's OF BOTH. SETTLEMENT AGREEMENT

CIVIL ACTION # RAYNOR V. PUGH, 1-13-CV-01117-LMB-JFA PAGE's # (1) + #(2).

WHERE AS IT STATES BY CONSTITUTIONAL LAW's AND CONDITIONAL RULE's OF

THE FEDERAL # SETTLEMENT AGREEMENT CONTACT PAGE #(1). LINE #(1). PAGE #(2).
                    PAGE #(1). LINE #.(1).

LINE #(1). WHERE AS IT CLEARLY STATES "AS SOON AS POSSIBLE BUT NO LATER THAN (14)

FOURTEEN DAYS AFTER THE EXECUTION OF THIS AGREEMENT BY RAYNOR, VA. D.O.C.

SHALL TRANSFER RAYNOR FROM SUSSEX II. STATE. PRISON "PAGE #(2). LINE #.(1). TO

LAWRENCEVILLE. CORRECTIONAL. CENTER. TO BE HOUSED IN AN A.D.A. COMPLIANT

CELL "AND PROVIDED ACCESS TO AN "A.D.A. COORDINATOR TO DETERMINE HIS APPROPRIATE

NEEDS INCLUDING, BUT NOT LIMITED TO TOILET ACCESS. "DURABLE MEDICAL EQUIPMENT

AND PHYSICAL THERAPY PURSUANT TO VA. D.O.C. OPERATING PROCEDURE 801.3 "
         "RAYNOR V. HAROLD W. CLARKE, + GEO GROUP INC."

SECOND FEDERAL SETTLEMENT # AGREEMENT CONTACT. PAGE #(1). BOTTOM OF

PAGE #(1). "All THE PARTIES. NOW THEREFORE, IN CONSIDERATION OF THE

PROMISES AND COVENANTS HEREIN, AND OTHER GOOD AND VALUABLE

CONSIDERATION EXCHANGED THE RECEIPT AND SUFFICIENCY OF WHICH PARTIES

ACKOWLEGE. THE PARTIES AGREE AS FOLLOW's. INTEND TO BE LEGALLY BOUND"

AND SWORN BEFORE THE HONORABLE. MICHAEL S. NACHMANOFF, MAGISTRATE

JUDGE. "WHO UP HELD ON 9-29-20, PLAINTIFF THE FIRST PARTIE OF BOTH

FEDERAL SETTLEMENT AGREEMENT CONTACT's. "CAN NOT BE FORCED TO MOVE

TRANSFER OR BE SENT TO ANY OTHER PRISON WITH OUT # PLAINTIFF FULL

CONSENT AND AGREEMENT." THIS IS ON THE HEARING VIDEO TRACKING Cod.

#EASTERN ZOOM 9-29-20 RAYNOR))

SIGNATURE: ___ JAMES H. RAYNOR

COMMISSION #7842378
EXPIRES
10/31/2023
WEALTH OF VIRGINIA

ANGELICA RICHARDSON
NOTARY
PUBLIC
REG. #7842378
MY COMMISSION
EXPIRES
10/31/2023
COMMONWEALTH OF VIRGINIA

Angelica Richardson  6/19/21

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

PLAINTIFF: | JAMES H. RAYNOR

V. | CIVIL ACTION NO: #(1). "1-18-CV-1392"
#(2). "1-13-CV-01117-LMB-JFA"

DEFENDANT'S: | Ms. Bullock, D.D. Hicks, GEO Group INC. ET.AL.

"(MOTION)"

MOTION TO SUBMIT BEFORE THIS HONORABLE COURT, A FORMAL CLAIM, AGAINST
THE DEFENDANT'S ALL NAMED HERE IN FOR CRIMINAL CONTEMPT OF FEDERAL
COURT ORDER'S, AND CONDITIONAL LAW'S OF BOTH, SETTLEMENT AGREEMENT
CIVIL ACTION # RAYNOR V. PUGH, 1-13-CV-01117-LMB-JFA PAGE'S # (1) + #(2).
WHERE AS IT STATES BY CONSTITUTIONAL LAW'S AND CONDITIONAL RULE'S OF
THE FEDERAL # SETTLEMENT AGREEMENT CONTACT PAGE #(1). LINE #(1). PAGE #(2).
PAGE # (1). LINE #. (1).
LINE #(1). WHERE AS IT CLEARLY STATES "AS SOON AS POSSIBLE BUT NO LATER THAN (14)
FOURTEEN DAYS AFTER THE EXECUTION OF THIS AGREEMENT BY RAYNOR, VA.D.O.C.
SHALL TRANSFER RAYNOR FROM SUSSEX II. STATE. PRISON " PAGE #(2). LINE #(1). TO
LAWRENCEVILLE. CORRECTIONAL. CENTER. TO BE HOUSED IN AN A.D.A. COMPLIANT
CELL" AND PROVIDED ACCESS TO AN "A.D.A. COORDINATOR TO DETERMINE HIS APPROPRIATE
NEEDS INCLUDING, BUT NOT LIMITED TO TOILET ACCESS. "DURABLE MEDICAL EQUIPMENT
AND PHYSICAL THERAPY PURSUANT TO VA.D.O.C. OPERATING PROCEDURE 801.3"
"RAYNOR V. HAROLD W. CLARKE, + GEO GROUP INC."
SECOND FEDERAL SETTLEMENT # AGREEMENT CONTACT, PAGE #(1). BOTTOM OF
PAGE #(1). "ALL THE PARTIES NOW THEREFORE, IN CONSIDERATION OF THE
PROMISES AND COVT COVENANTS HEREIN, AND OTHER GOOD AND VALUABLE
CONSIDERATION EXCHANGED THE RECEIPT AND SUFFICIENCY OF WHICH PARTIES
ACKOWLEDGE, THE PARTIES AGREE AS FOLLOWS. INTEND TO BE LEGALLY BOUND".
AND SWORN BEFORE "THE HONORABLE. MICHAEL S. NACHMANOFF. MAGISTRATE
JUDGE. "WHO UP HELD ON 9-29-20, PLAINTIFF THE FIRST PARTIE OF BOTH
FEDERAL SETTLEMENT AGREEMENT CONTACT. "CAN NOT BE FORCED TO MOVE
TRANSFER OR BE SENT TO ANY OTHER PRISON WITH OUT # PLAINTIFF FULL
CONSENT AND AGREEMENT." THIS IS ON THE HEARING VIDEO TRACKING COD.
"EASTERN ZOOM 9-29-20 RAYNOR"



*VA. D.O.C. APPROVED orThodox Jewish kosher DieT For Covid-19 EMErgENcy FEEdiNg MENu:*

# COMMONWEALTH of VIRGINIA

HAROLD W. CLARKE
DIRECTOR

*Department of Corrections*

June 9, 2020

P. O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

## MEMORANDUM

To:     Inmate Population

From:   A. David Robinson
        Chief of Corrections Operations

Subject:   COVID-19 Emergency Feeding Menu, Religious Diet, Indigent Stipend

In the ongoing changing landscape precipitated by the Coronavirus 19 pandemic and to reduce the potential risk for exposure to inmates and staff, facilities with positive cases of the virus in staff and/or inmates have needed to implement the Emergency Feeding Menu for a period of 14 to 28 days for the protection of staff and inmates. The Emergency Feeding Menu is implemented when there is a reduction in Food Service staff, due to positive cases, that hinders the kitchen from operating normally. VADOC is committed to protecting the health and welfare of inmates and staff during the pandemic crisis.

Under the Emergency Feeding Menu, religious diets (Common Fare or Orthodox Jewish Diet) are not being offered through regular cafeteria services since  a modified menu is having to be prepared by non-food service personnel and/or a reduction in Food Service Supervisors during the limited time periods when facilities experience positive cases of Covid-19 and need to adjust to meet operational needs.

As always, inmates currently on a religious diet may purchase kosher and halal products through the commissary to accommodate their diet in accordance with their faith practice. The Commissary Manager at each facility will ensure the Local Commissary Menu clearly identifies kosher and halal products available to the inmate population.

To ensure that all who are currently on religious diets are able to obtain kosher or halal products, indigent inmates on a religious diet are eligible to receive a $25.00 stipend per day to order kosher and halal items through commissary to supplement their diet during the period that the facility has implemented the Emergency Feeding Menu.

Indigent inmates will be able to submit their bubble sheet commissary order once a week to a designated facility staff member by 4:00 p.m. on Thursday. Each Monday, the Business Manager will receive notification from the Finance Office by 8:00 a.m. confirming the indigent inmates approved to receive the stipend. The Commissary Manager will fill the order and provide the inmate a receipt for the order. The Commissary Manager will fill these orders no later than Tuesday of each week for the indigent inmates.

The indigent inmate stipend will remain in effect until a facility placed on the Emergency Feeding Menu is clear to return to normal food service operations.

cc:  Harold W. Clarke, Director
     Regional Operation Chiefs
     Regional Administrators
     COVID-19 Leadership

Chief of Corrections Operations Memorandum #093-2020



**The GEO Group, Inc.**

### LAWRENCEVILLE CORRECTIONAL CENTER
Lawrenceville, VA

### Offender Request

**DIRECTIONS**
1. Fill in your <u>Name, Number, Full Housing Assignment</u>
2. Please <u>Print</u> your request; <u>KEEP IT BRIEF</u>
3. Drop in the appropriate Mail Box
4. Requests may be returned unanswered if addressed to the wrong department or if duplicate requests are sent.

| YOUR LAST NAME | FIRST | MI | NUMBER | BLDG/CELL |
|---|---|---|---|---|
| Raynor | Rabbi: James | H. | # 1007103 | H6-70-71 |
| WORK ASSIGNMENT | ASSIGNED COUNSELOR | | | 109 |
| N/A | | | TODAY'S DATE | |
| | | | 9-24-20 | |

**TO:** ☐ Unit Manager  ☐ Medical  ☐ Personal Property  ☐ Law Library  ☐ Security
☐ Treatment  ☐ Mental Health  ☐ Education  ☐ Dental  ☐ Maintenance
☐ Chaplain  ☐ Facility Admin.  ☐ Asst. Facility Admin.  ☐ Chief of Housing & Programs  ☐ Accounting
☒ Other

**CHECK PURPOSE** ☐ Appointment Request  ☒ Question/Statement

To Get: my orthodox Jewish Kosher Diet Notification To Canteen Supervisor "as Set under David Robinson chief of corrections operations memorandum #092-2020 Covid-19 Emergency feeding menu for Religious Diet for Indigent stipend Approved June-9th 2020." Rabbi: James H. Raynor, is an Jewish orthodox Rabbi certified, with legal outside sponsors, and is the orthodox Jewish Religious Faith's Leader, and teacher of the orthodox Jewish Faith Here At L.V.C.C. Before that At Sussex-2-State Prison under chaplain William Moore: also supported by the Temple of Hope orthodox Rabbinical counsel Also you can contact Mr. Bernard Morris of Grace Inside: 2929 Emery Wood Parkway, Richmond VA. 23294: "I've Been trying To obtain orthodox Kosher meals from 6-10-2 until Today 9-24-2

DO NOT ATTACH ADDITIONAL PAGES; DO NOT WRITE BELOW THIS LINE

### RESPONSE

Request sent to correct department ☐ Yes ☐ No; Routed to: _____ Date: _____

You must be deemed Indigent.

Offender seen ☐ Yes ☒ No

K. Raun
**Official Responding**

10-13-20
**Date of Response**

Revised Date: 01/15/2020

**GEO**
The GEO Group, Inc.

*"Ms. Shaw's Copy"*

**LAWRENCEVILLE CORRECTIONAL CENTER**
Lawrenceville, VA

## Offender Request

**DIRECTIONS**
1. Fill in your Name, Number, Full Housing Assignment
2. Please Print your request; KEEP IT BRIEF
3. Drop in the appropriate Mail Box

4. Requests may be returned unanswered if addressed to the wrong department or if duplicate requests are sent.

| YOUR LAST NAME | | FIRST | MI | NUMBER | BLDG/CELL |
|---|---|---|---|---|---|
| RAYNor | | Rabbi: James | H. | # 1007103 | HU- 70-71 109 |
| WORK ASSIGNMENT | | ASSIGNED COUNSELOR | | TODAY'S DATE | |
| N/A | | | | 12-8-19 | |

TO: ☐ Unit Manager ☐ Medical ☐ Personal Property ☐ Law Library ☐ Security
☐ Treatment ☐ Mental Health ☐ Education ☐ Dental ☐ Maintenance
☐ Chaplain ☐ Warden ☐ Asst. Warden Operations ☒ Asst. Warden Programs ☐ Accounting
☒ Other  Ms. Shaw

**CHECK PURPOSE** ☐ Appointment Request ☒ Question/Statement

Ms. Shaw, PLEASE PUT ME ON THE orTHodox JEWISH Kosher PASSover Religious
SERVICE, For MY KosHER MEALS, AND SERVICES: TodAYS DATE is 12-8-19
AND HAS BEEN SubmiTTED BEFoRE THE END DATE oF 12-13-19: I HAVE
ALSO SENT A REQUEST To CHAPLAIN Brock ALSo: Ms. SHAW, WITH ALL DUE
RESPECT, "VA-D.O.C" ALONG WiTH THE LAW's under THE FEDERAL BUREAU oF PRISONS
OPERATIONS IN FACT DOSE RECOGNIZE's "orTHodox JEWISH RELIGIOUS FAITH Group's
AND SERVICES" AND BY L.V.C.C. STAFF SAYING iT WiLL NOT RECOGNIZE THE orTHodox
JEWISH FAiTH or HoNor iT's LAWs is RELIGIOUS DISCRIMINATION under THE U.S.
CONSTITUTIONAL LAWs oF THE FirST AMENDMENT, AND RELIGIOUS LAND ACT. Ms. SHAW
MOST oF ALL I WANT To THANK YoU For YoUr TIME, AND SAY PEACE AND BLESSING's

**DO NOT ATTACH ADDITIONAL PAGES; DO NOT WRITE BELOW THIS LINE**

## RESPONSE

Request sent to correct department ☐ Yes ☐ No; Routed to: _____ Date: _____

Mr Raynor,

- you have been added to the
Passover list.

Offender seen ☐ Yes ☒ No
L. Davenport
Official Responding

12-09-19
Date of Response

**GEO**

The GEO Group, Inc.

## LAWRENCEVILLE CORRECTIONAL CENTER
### Lawrenceville, VA

### Offender Request

**DIRECTIONS**
1. Fill in your Name, Number, Full Housing Assignment
2. Please Print your request; KEEP IT BRIEF
3. Drop in the appropriate Mail Box

4. Requests may be returned unanswered if addressed to the wrong department or if duplicate requests are sent.

| YOUR LAST NAME | FIRST | MI | NUMBER | BLDG/CELL |
|---|---|---|---|---|
| Raynor | Rabbi James | H. | # 1007103 | H4-70-71 108 |
| WORK ASSIGNMENT | ASSIGNED COUNSELOR | | TODAY'S DATE | |
| N/A | Ms. Wotoon | | 6-29-20 | |

TO: ☐ Unit Manager ☐ Medical ☐ Personal Property ☐ Law Library ☐ Security
☐ Treatment ☐ Mental Health ☐ Education ☐ Dental ☐ Maintenance
☐ Chaplain ☐ Facility Admin. ☐ Asst. Facility Admin. ☐ Chief of Housing & Programs ☐ Accounting
☒ Other CANTEEN MANAGER

**CHECK PURPOSE** ☐ Appointment Request ☒ Question/Statement Hello, my name is
Rabbi James H. Raynor. I'm a certified orthodox Jewish Rabbi. This request
is for the Covid-19 Jewish orthodox Religious diet Indigent stipend under
memorandum Memorandum #093-2020 order by A. David Robinson, chief of operatic
and Harold W. Clarke VA.DOC Director. I have provided Documentation of my Religious
Faith. Can you please make copies and send them back with the list.?

Peace + Blessing's and be safe.

**DO NOT ATTACH ADDITIONAL PAGES; DO NOT WRITE BELOW THIS LINE**

### RESPONSE

Request sent to correct department ☐ Yes ☒ No; Routed to: Business Office Date: 7/7/2020
Please verify Offender indigent status to participate in stipend program

Offender seen ☐ Yes ☐ No
C.Belney, Chaplain
Official Responding

7/7/2020
Date of Response

Revised Date: 01/15/2020

# Religious Diet Request

Offender Name: _Rabbi JAMES H. RAYnor_

Facility: _LAWrenceVille correctionAl center_

Number: _#1067103_

Indicate below the specific religious diet requested, and submit this form to appropriate staff for processing.

☐ **Common Fare diet:** The Common Fare diet provides an appropriate religious diet for those offenders whose religious dietary needs are not met by the Master Menu.

- The Common Fare diet menu meets or exceeds the minimum daily nutritional requirements.
- All foods purchased for the diet, except fresh fruits and vegetables are certified by a recognized Orthodox Standard such as "U", "K", or "CRC".
- The Common Fare diet is Kosher using Kashrut methods
- No pork or pork derivatives are used.
- The storage and preparation of food items, the cleaning and purification of food service equipment, serving utensils, and contact surfaces, as well as the serving of Common Fare meals comply with religious dietary laws.

☒ **Orthodox Jewish diet:** The Orthodox Jewish diet is available to those offenders whose religious dietary needs cannot be met by the Master Menu or the Common Fare diet menu. In the space below, please explain why the Common Fare diet does not meet your religious dietary needs.

_I AM A Strick orthodox Jewish Rabbi: certified: my orthodox Jewish Diet is very Strick. The common FAre Diet is RELigiouely unexcepted For my SELF To EAT Due To my Strick Kosher Religious FAith: Some Foods Are Not Promitted To EAT in commed FAre Diet; For orthodox FAith: AnD As A Rabbi: AnD A Religious orthodox TEAcher E must obEy on The Advice of my ATTorney ms. Angela BAiley of my Kosher LAws. BAiley LAw Firm This Action is TAken:_

I have read this form and hereby request to participate in the religious diet selected above.

Offender Signature: _Rabbi James H Raynor_ Date: _2-5-21_

_I'm with drawing This Religious REQUEST For Kosher Diet untill The court Action is SETTLED by The FEDERAL court JudgE: Due to LEgAL RETAiliation, & criminAl FrAudul._

Offender requests for assignment to the Common Fare diet will be processed at the facility upon _conversor:_ receipt. Orthodox Jewish diet requests with a completed explanation of need must be submitted to the Director of Food Services for further review and approval.

## Director of Food Services Orthodox Jewish diet review:

☐ Approve ☐ Disapprove

Signature: _____

Date: _____

Original: Scan into VACORIS and upload to ICA
Copy: Offender

LAWRENCEVILLE

Resident Account Summary
Tuesday, September 22, 2020  @13:10

For Inmate ID: 1007103    RAYNOR, JAMES HERMAN

| Date | Transaction | Description | Amount | Balance | Owed | Held | Reference |
|------|-------------|-------------|--------|---------|------|------|-----------|
| 09/14/2020 | EPR | OID:100701037-ComisaryPurc | -2.66 | 14.32 | 0.00 | 0.00 | 09/14/2020 |
| 09/11/2020 | ERF | OID:100699798-ComisaryReft | 1.84 | 16.98 | 0.00 | 0.00 | 09/11/2020 |
| 09/03/2020 | EPR | OID:100699798-ComisaryPurc | -32.44 | 15.14 | 0.00 | 0.00 | 09/03/2020 |
| 08/31/2020 | PAYROLL INC | Payroll Transaction | 35.64 | 47.58 | 0.00 | 0.00 | 08/31/2020 |
| 08/05/2020 | EPR | OID:100695274-ComisaryPurc | -29.98 | 11.94 | 0.00 | 0.00 | 08/05/2020 |
| 08/05/2020 | <COPIES> | LEGAL COPIES | -0.80 | 41.92 | 0.00 | 0.00 | 08/05/2020 |
| 08/05/2020 | COPIES | LEGAL COPIES | 0.80 | 42.72 | 0.80 | 0.00 | 08/05/2020 |
| 07/29/2020 | PAYROLL INC | Payroll Transaction | 35.64 | 42.72 | 0.00 | 0.00 | 07/29/2020 |
| 07/06/2020 | EPR | OID:100691509-ComisaryPurc | -31.82 | 7.08 | 0.00 | 0.00 | 07/06/2020 |
| 06/30/2020 | PAYROLL INC | Payroll Transaction | 34.02 | 38.90 | 0.00 | 0.00 | 06/30/2020 |
| 06/05/2020 | EPR | OID:100687390-ComisaryPurc | -19.83 | 4.88 | 0.00 | 0.00 | 06/05/2020 |
| 06/03/2020 | POSTAGE | MAIL OUT PKG. | -1.80 | 24.71 | 0.00 | 0.00 | 06/03/2020 |
| 06/03/2020 | POSTAGE | MAIL OUT PKG.    S. RAYNOR | -1.30 | 26.51 | 0.00 | 0.00 | 06/03/2020 |
| 05/28/2020 | <COPIES> | Payment for COPIES on 2020 | -6.90 | 27.81 | 0.00 | 0.00 | 05/28/2020 |
| 05/28/2020 | PAYROLL INC | Payroll Transaction | 34.02 | 34.71 | 6.90 | 0.00 | 05/28/2020 |
| 05/27/2020 | POSTAGE | MAIL OUT LETTER  (LEGAL) | -0.70 | 0.69 | 6.90 | 0.00 | 05/27/2020 |
| 05/13/2020 | COPIES | LEGAL COPIES | 6.90 | 1.39 | 6.90 | 0.00 | 05/13/2020 |
| 05/13/2020 | POSTAGE | MAIL OUT PKG.   LEGAL | -3.20 | 1.39 | 0.00 | 0.00 | 05/13/2020 |
| 05/13/2020 | POSTAGE | MAIL OUT PKG.   LEGAL | -2.00 | 4.59 | 0.00 | 0.00 | 05/13/2020 |
| 05/06/2020 | POSTAGE | BAL. OWE FOR POSTAGE | -3.40 | 6.59 | 0.00 | 0.00 | 05/06/2020 |
| 05/06/2020 | EPR | OID:100683201-ComisaryPurc | -18.22 | 9.99 | 0.00 | 0.00 | 05/06/2020 |
| 04/30/2020 | POSTAGE | MAIL OUT PKG. | -2.60 | 28.21 | 0.00 | 0.00 | 04/30/2020 |
| 04/30/2020 | <COPIES> | Payment for COPIES on 2020 | -6.47 | 30.81 | 0.00 | 0.00 | 04/30/2020 |
| 04/30/2020 | PAYROLL INC | Payroll Transaction | 37.26 | 37.28 | 6.47 | 0.00 | 04/30/2020 |
| 04/22/2020 | EPR | OID:100682083-ComisaryPurc | -4.98 | 0.02 | 6.47 | 0.00 | 04/22/2020 |
| 04/20/2020 | <COPIES> | LEGAL COPIES | -2.73 | 5.00 | 6.47 | 0.00 | 04/20/2020 |
| 04/20/2020 | COPIES | LEGAL COPIES | 9.20 | 7.73 | 9.20 | 0.00 | 04/20/2020 |
| 04/15/2020 | MED COPAY | VOID-MEDICAL COPAY 09/19/ | -5.00 | 7.73 | 0.00 | 0.00 | 04/15/2020 |
| 04/15/2020 | <MED COPAY> | VOID-MEDICAL COPAY 09/19/ | 5.00 | 7.73 | 5.00 | 0.00 | 04/15/2020 |
| 04/03/2020 | EPR | OID:100679577-ComisaryPurc | -15.28 | 2.73 | 0.00 | 0.00 | 04/03/2020 |
| 03/31/2020 | <MED COPAY> | Payment for MED COPAY on 2 | -5.00 | 18.01 | 0.00 | 0.00 | 03/31/2020 |
| 03/31/2020 | PAYROLL INC | Payroll Transaction | 22.68 | 23.01 | 5.00 | 0.00 | 03/31/2020 |
| 03/24/2020 | EPR | OID:100678216-ComisaryPurc | -7.06 | 0.33 | 5.00 | 0.00 | 03/24/2020 |
| 03/12/2020 | <COPIES> | Payment for COPIES on 2020 | -1.00 | 7.39 | 5.00 | 0.00 | 03/12/2020 |
| 03/12/2020 | <COPIES> | Payment for COPIES on 201! | -1.61 | 8.39 | 6.00 | 0.00 | 03/12/2020 |
| 03/12/2020 | <MED COPAY> | VOID-Payment for MED COPA | 5.00 | 10.00 | 7.61 | 0.00 | 03/12/2020 |
| 03/12/2020 | <COPIES> | Payment for COPIES on 201! | -0.19 | 5.00 | 2.61 | 0.00 | 03/12/2020 |
| 03/12/2020 | <COPIES> | Payment for COPIES on 201! | -10.80 | 5.19 | 2.80 | 0.00 | 03/12/2020 |
| 03/12/2020 | <COPIES> | Payment for COPIES on 201! | -6.00 | 15.99 | 13.60 | 0.00 | 03/12/2020 |
| 03/12/2020 | <COPIES> | Payment for COPIES on 201! | -8.40 | 21.99 | 19.60 | 0.00 | 03/12/2020 |
| 03/12/2020 | <COPIES> | Payment for COPIES on 201! | -0.40 | 30.39 | 28.00 | 0.00 | 03/12/2020 |
| 03/12/2020 | <MED COPAY> | Payment for MED COPAY on 2 | -5.00 | 30.79 | 28.40 | 0.00 | 03/12/2020 |
| 03/12/2020 | PAYROLL NO | FEBRUARY 2020 PAYROLL | 35.64 | 35.79 | 33.40 | 0.00 | 03/12/2020 |
| 02/05/2020 | COPIES | LEGAL COPIES | 1.00 | 0.15 | 33.40 | 0.00 | 02/05/2020 |
| 01/17/2020 | COPIES | VOID-LEGAL COPIES | -8.70 | 0.15 | 32.40 | 0.00 | 01/17/2020 |
| 01/17/2020 | COPIES | LEGAL COPIES | 8.70 | 0.15 | 41.10 | 0.00 | 01/17/2020 |
| 11/04/2019 | COPIES | LEGAL COPIES | 1.80 | 0.15 | 32.40 | 0.00 | 11/04/2019 |
| 10/28/2019 | MED COPAY | MEDICAL COPAY 09/19/19 | 5.00 | 0.15 | 30.60 | 0.00 | 10/28/2019 |
| 10/28/2019 | COPIES | LEGAL COPIES | 10.80 | 0.15 | 25.60 | 0.00 | 10/28/2019 |
| 10/02/2019 | COPIES | LEGAL COPIES | 6.00 | 0.15 | 14.80 | 0.00 | 10/02/2019 |
| 08/08/2019 | EPR | OID:100650118-ComisaryPurc | -15.64 | 0.15 | 8.80 | 0.00 | 08/08/2019 |
| 07/24/2019 | EPR | OID:100648174-ComisaryPurc | -47.03 | 15.79 | 8.80 | 0.00 | 07/24/2019 |
| 07/23/2019 | <COPIES> | LEGAL COPIES | -3.60 | 62.82 | 8.80 | 0.00 | 07/23/2019 |
| 07/23/2019 | COPIES | LEGAL COPIES | 3.60 | 66.42 | 12.40 | 0.00 | 07/23/2019 |
| 06/19/2019 | EPR | OID:100644077-ComisaryPurc | -114.38 | 66.42 | 8.80 | 0.00 | 06/19/2019 |
| 06/10/2019 | DEPMO NO DE | JPAY DEPOSIT S. ETHERIDGE | 180.00 | 180.80 | 8.80 | 0.00 | 06/10/2019 |
| 05/30/2019 | COPIES | LEGAL COPIES | 8.40 | 0.80 | 8.80 | 0.00 | 05/30/2019 |
| 05/30/2019 | COPIES | LEGAL COPIES | 0.40 | 0.80 | 0.40 | 0.00 | 05/30/2019 |

Spend - .40

Hold. 13.92