IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES H. RAYNOR, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 1:21-cv-782 |
| GEO GROUP, INC., et al., | ) |
|       Defendants. | ) |

## CONSENT ORDER

Pursuant to this Court's order of July 15, 2022 (ECF 30), and by agreement of plaintiff, GEO Group, Inc. and the Virginia Department of Corrections, by counsel, it is hereby ORDERED as follows:

1. Within no more than fourteen days of this Order, GEO and VDOC, will transfer plaintiff James Raynor from Lawrenceville Correctional Center ("LVCC") to Greensville Correctional Center in Jarratt, Virginia ("GCC"). He will be safely transported in a vehicle that is suitable for the proper accommodation of his wheelchair.

2. Prior to Mr. Raynor's transportation to GCC, GEO and VDOC will take such steps as are necessary to ensure that all his medical and mental health records generated by GEO or VDOC personnel, respectively, have been gathered in an orderly manner so that they might accompany Mr. Raynor to GCC to ensure appropriate continuity of care. For purposes of this disclosure, Mr. Raynor agrees to waive any and all statutory privacy protections existing in his medical and mental health records, including but not limited to the "psychotherapy notes" privilege under Virginia Code § 32.1-127.1:03 for purposes of this disclosure.

3. Within 21 days of the entry of this Order, VDOC will take such steps as are necessary to obtain all third-party medical records for Mr. Raynor, so as to ensure his appropriate

1

continuity of care in its custody. Mr. Raynor will execute such releases as VDOC may need to secure these records. Within 45 days of the entry of this Order, VDOC will confirm to Mr. Raynor's counsel that all such records have been requested, and advise counsel which, if any, have not been received.

    4.    Upon performance of Paragraphs 1 and 2 of this Order, GEO and its parents, subsidiaries, affiliates, insurers, third-party administrators, predecessors, successors, assigns, agents, officers, directors, shareholders, and employees will be relieved of any further obligation related to Mr. Raynor's medical needs, conditions of confinement, or other matters related to his welfare following his departure from LVCC.

    5.    Unless there is good cause consistent with VDOC's established rules and regulations of general applicability, Mr. Raynor will be housed in general population with appropriate accommodations for his wheel-chair-ridden status, and have access to the general amenities available to inmates housed in general population.

    6.    VDOC will ensure that Mr. Raynor's various medical issues are properly addressed in timely fashion. The medical issues at issue are those appearing in Mr. Raynor's medical records, including, without limitation the following:

<u>Back issues</u>

    *    Continued consultation with a pain specialist to determine the need for further pain-killing injections or back surgery, including pending appointments in October and November 2022;

    *    Prompt follow-up as needed with a neurologist to determine appropriate course of treatment.

    *    Prompt scheduling of whatever medical intervention, if any, is indicated by the

forthcoming consultations,

  * Prompt follow-ups thereafter, as professionally indicated, on an ongoing basis during Mr. Raynor's incarceration.

<u>Heart Issues</u>

  * Ongoing monitoring of Mr. Raynor's heart condition, including timely and complete review of data from his heart monitor and the prompt provision of any medication prescribed for his heart condition.

<u>Gastric Issues</u>

  ` * Appropriate consultation for Mr. Raynor's gastric condition, including provision of any appropriate food and medication for same.

<u>CPAP Issues</u>

  * Mr. Raynor will continue to have use of a continuous positive airway pressure ("CPAP") machine. VDOC will provide in a timely manner sufficient distilled water for Mr. Raynor's daily use, and cleaning wipes for the machine as needed.

<u>Sanitary Wipes</u>

  * Provision of sanitary ("baby") wipes to Mr. Raynor on a regular basis as required.

  8. Following any and every off-site health consultation or procedure on Mr. Raynor, VDOC will promptly request, receive, and file the complete record of same in its own records. These records, including internal VDOC medical records, will be promptly provided to Mr. Raynor's counsel free of charge should he request them of VDOC counsel until the conclusion of this case and completion of the terms of this Order. The records may be provided in hard copy or electronically.

  9. Except in the event of an unforeseen emergency, VDOC will transport Mr. Raynor

outside GCC in an appropriate wheelchair-accessible vehicle.

10. VDOC will keep in store appropriate amounts of the various supplies identified herein for use by Mr. Raynor in the event of supply-chain problems. If a log is kept of Mr. Raynor's receipt of such supplies, a copy will be provided to his counsel promptly on counsel's request until the conclusion of this case and the completion of the terms of this Order.

11. The above itemization addresses solely issues that have been raised by Mr. Raynor in this litigation, and does not override VDOC's legal and professional obligation properly and promptly to address any other serious health condition that may arise.

12. The terms of this Order shall conclude within 12 months of entry unless the parties agree otherwise. During this 12-month period, the Court retains continuing jurisdiction to enforce the terms of this Order.

It is so ORDERED.

ENTERED this 26th day of September, 2022.

*William E. Fitzpatrick*
William E. Fitzpatrick
United States Magistrate Judge